## JAMES HUGHES V. STATE OF MISSISSIPPI.

### [52 South. 631.]

CRIMINAL LAW AND PROCEDURE. *Unlawful sale of intoxicating liquors.*
Laws 1908, *cc.* 113, 114, 115. *State wide prohibition. Local laws.*
*Repeals.*

Laws 1908, cc. 113, 114, 115, prohibiting the sale of intoxicating
liquors throughout the state, supersedes and repeals all local and
special prohibition statutes and enacts an uniform and state
wide law on the subject.

FROM the circuit court of Alcorn county.

HON. JOHN H. MITCHELL, Judge.

Hughes, appellant, was convicted of unlawfully selling in-
toxicating liquors, and sentenced therefor.   The indictment was
based upon a local statute, Laws 1884, ch. 182, and the sentence
was in accordance with its provisions.   The facts are stated in
the opinion of the court.

*W. J. Lamb,* for appellant.

On February 12th, 1884, a statute was approved, forbidding
any person to make, sell, or give away in the city of Corinth,
or within five miles of the court house of the county of Alcorn,
any spirituous, vinous, malt or intoxicating liquors of any kind
or mixture thereof, except in the manner and purpose herein-
after specified.   Laws of Mississippi, 1884, p. 200.

Appellant was arrested, tried and convicted and sentenced
under this act, although it has been repealed.

The Act of 1884 was special legislation for Corinth and the
territory within five miles of the court house and only applies
to that much territory.   In 1886, was passed what is known as
a "local option act," and this act expressly provides that such
acts were not repealed.

The Code of 1892, § 1623, provides as follows:

"The local laws now in force prohibiting the sale, barter, or giving away of liquors, bitters, drinks, shall remain in force till amended or repealed."

This same provision is brought forward in the Code of 1906, § 1793. The acts of the legislature of 1906, amended section 1793 of the Code of 1906. Under section 1793 of the Code of 1906 "transient steamboats passing or temporarily stopping at a point where the sale of liquor is licensed at the time" were allowed to sell liquors. The acts of 1908, section 1793, p. 118, prohibited transient steamboats from selling the same. The acts of 1908, p. 116, says as follows: "An act to amend section 1793, etc., of the Code of Miss., of 1906." The acts of 1908 is an attempt to amend section 1793 of the Code of 1906, but the attempted amendment of section 1793 of the Code of 1906 falls squarely within the condemnation of section 60 of the Constitution, which provides that

"No law shall be revived or amended by reference to title only, but the section or sections, as amended or revived, shall be inserted at length."

Section 1793 of the acts of 1908 leaves out any saving clause for local acts, and, as said in the case of *Nation v. Lovejoy,* 80 Miss. 406: "Section 61 of the Constitution provides that the section of the law amended shall be inserted at length on the amendment, and chapter 102, acts 1900, obviously leaves out the double damages authorized by section 1068 of the Code of 1892, repealed by it."

This is the situation in regard to section 1793 of the Code of 1906, so we submit to the court that, this being the nature of the legislation on this subject, the acts of 1884 have been repealed and are no longer in force.

Up to this point, we have dealt with the matter under what is known as the local option act and the laws of the state gov-

·erning in this instant, but the local option act is no longer in force in this state for the legislature passed what is known as a state wide prohibition act.    Acts 1908, p. 112.

Section 4, chapter 115, p. 119, of the acts of 1908, provides:

"That all laws in conflict with or repugnant to this act be, and the same are hereby, repealed from and after the date on which this act goes into effect and not before."

Now, as said above, the legislature passed what is known as the "state wide prohibition act" shown in chapter 113 of the acts of 1908; and nowhere in this act is there any provision for special legislative enactment which has been passed on this subject, but on the contrary it shows that it is the intention to abolish all former legislation on this subject for the act provides that the passage of this act would not interfere with any statutory provision of the former act for offenses had already been committed.

Now, the act of February 12, 1884, and the subsequent legislation in the acts of 1886, brought forward in the codes of 1892 and 1906, were parts of the system of the laws of this state governing the sale of liquors and the punishment for the violation of the law on this subject.    Now, we respectfully submit to the court that the whole subject is revised, consolidated and re-enacted in the laws of 1908, p. 112; and, while the act does not specifically refer to the acts of 1884, still the general legislation on the subject shows the clear intention of the legislative body to repeal all other formal acts, both private and general on the subject.    Another reason why the act of 1884 has been repealed is because it is expressly provided in section 4 of the Acts of 1908, p. 119, "that all laws in conflict with, or repugnant to this act, be, and the same are hereby, repealed."

On an examination of this act and the acts of 1884, it will be seen that the punishment in the acts of 1884 is entirely different from the punishment provided in the acts of 1908; and,

as authority to sustain our contention in this case, we refer the court to the case of *State v. Jenkins,* 73 Miss. 525.

*James R. McDowell,* assistant attorney-general, for appellee.

Wherever a doubt is raised as to the repeal of a special statute by the enactment of a general law the courts resolve the doubt in favor of letting the local law stand.

SMITH, J., delivered the opinion of the court.

Appellant appeals to this court from a conviction in the court below under an affidavit charging that he (appellant) did in Alcorn county, Miss., in the city of Corinth, and within five miles of the courthouse of Alcorn county, sell intoxicating liquors in violation of the act of the legislature approved February 12, 1884 (Laws 1884, ch. 182). This statute made it "unlawful for any person to make, sell, or give away in said city of Corinth, or within five miles of the court house of said county of Alcorn, any spirituous, vinous, malt, or intoxicating liquors of any kind, or mixture thereof," and provides a punishment therefor different from that imposed by the general prohibition law enacted by the legislature of 1908 (Laws 1908, ch. 113). This affidavit does not charge, and was not intended to charge, a violation of the general law, but charged, and was intended to charge, only a violation of the act of 1884. After a verdict, appellant filed a motion in arrest of judgment on the ground that the affidavit charged him with the commission of no offense, in that it charged him with violating a statute which had been repealed. This motion was overruled, and sentence imposed.

When the act of 1884, a local act dealing only with a portion of Alcorn county, was enacted, there was no general law in our statute books prohibiting the sale of intoxicating liquor. This act was one of the many local acts passed at various times pro-

hibiting the sale of intoxicating liquor in certain localities. Until the passage of the acts of 1908 we had no general law prohibiting the sale of intoxicating liquors throughout the state—no state-wide prohibition. Consequently every division of the general law dealing with such sales contained a saving clause to the effect that "the local laws now in force prohibiting the sale or barter or giving away of liquors, bitters or drinks,. shall remain in force until amended or repealed." In the Code of 1906 this saving clause is contained in section 1793. This saving clause was enacted, of course, to prevent the repeal, by implication, of the local laws. In 1908 the legislature revised the law relating to the sale of intoxicating liquor by enacting chapters 113, 114, and 115 of the acts of that session, and for the first time enacted a state-wide prohibition law. Each of these acts—that is, chapters 113, 114, and 115, acts of 1908—by express provision repeals all laws or parts of laws in conflict therewith; and chapter 115 amends section 1793 of the Code,. so as to omit therefrom the saving clause relative to local acts,. so that it is clear that it was not the intention of the legislature to continue the local acts in force, but, on the contrary, that every portion of the state should be governed by the same law in so far as the sale of intoxicating liquor is concerned.

Omitting any discussion of that portion thereof dealing with the giving away of intoxicating liquors, because the same is not here involved, the act of 1884 conflicts with the acts of 1908 in at least three particulars, in its provisions relative to the sale of liquor. It prohibits altogether the sale of alcohol by. druggists and the sale of wine for sacramental purposes, while the latter permits both under certain restrictions, and the punishment provided by it is materially different, not in kind,. but in degree, from the punishment provided by the latter. It follows, therefore, that the act of 1884, in so far as it deals with the sale of intoxicating liquor, was repealed by the acts of 1908.

There were quite a number of local acts of this character passed at various times prior to 1908, all different from the acts of 1908, and most of them different from each other.  Were the same to remain in force, the law governing the sale of intoxicating liquor, instead of being uniform throughout the state, would be one thing in one locality and another thing in another locality.

Since the affidavit charged appellant with violating a statute which had been repealed, it charged him with the commission of no offense, and the motion in arrest of judgment should have been sustained.

*Reversed and remanded.*

MAYES, C. J., delivered the following dissenting opinion.

I do not think the conclusions reached by the court are correct in any view.  If the act of 1884 is not repealed, the affidavit is in the very language of that act; if the act of 1884 is repealed, which I deny, the charge in the affidavit is substantially correct, and no demurrer was filed thereto before the jury was impaneled, as is required by section 1426, Code of 1906. The affidavit charges "that James Hughes, on the 16th day of December, 1909, did, in Alcorn county, Mississippi, and in the city of Corinth, and within five miles of the courthouse of Alcorn county, sell intoxicating liquors in violation of the acts of the legislature approved February 12, 1884, and against the peace and dignity of the state of Mississippi."

This case was tried before the mayor of Corinth, acting as *ex officio* justice of the peace.  There was a conviction, and an appeal to the circuit court of Alcorn county.  On the trial in the circuit court, no objection was raised to the sufficiency of the affidavit; but appellant entered a plea of not guilty, and the case proceeded to trial on its merits, resulting in another conviction.  After conviction in circuit court, and before sentence,

a motion was made in arrest of judgment on the ground, first, that no crime was charged in the affidavit; second, that the affidavit was not based on any law then in force; third, that the affidavit under which defendant was convicted was a nullity, because the act of February 12, 1884, is repealed by the general law. This motion was overruled, followed by the court sentencing appellant to pay a fine of $100 and imprisonment in the county jail for three months. The motion subsequently made for a new trial was overruled, and hence this appeal, presenting the questions outlined in the motion in arrest of judgment.

By chapter 115, § 1, of the Laws of 1908, amending section 1746, it is now unlawful for any person to sell, or barter, or give away, for the purpose of inducing trade, *any intoxicating liquor anywhere in the state.* The essential charge made in the affidavit *is the sale of intoxicating liquor* in the city of Corinth, in Alcorn county, in the state of Mississippi, and if such sale was in fact made at that place the general law of the state was violated, whether the sale was made "within five miles of the courthouse of Alcorn county," or not, and whether such sale violated the act of February 12, 1884, or not. At the date of the alleged sale there was not any place in the state's domain where the thing that the affidavit charges was done might be lawfully done. It was unnecessary, therefore, to put into the affidavit either that the unlawful sale was within five miles of the courthouse, or that it was in violation of the act of 1884, since by the general law of the land the sale of intoxicating liquors was everywhere unlawful. These allegations as to what law is violated, and as to its being done within five miles of the courthouse, were useless and unnecessary, and the merest surplusage.

This affidavit can never be said to be more than formally defective, and if there is any defect in the affidavit it is one

which appears on the face of it. In such case, the imperative language of section 1426 says that such defect shall be taken advantage of "before the jury shall be impaneled and not afterwards," and this court said in the case of *Hays v. State,* 50 South. 557, that this statute applies, "even though the matter complained of be jurisdictional in its nature; * * * that the defendant is not cut off from raising jurisdictional questions, but the statute limits the time in which same may be raised." The integrity of this statute ought to be preserved. It is a statute that is wholesome in its effect. It prevents sharp practice. It saves expense to the state, and compels good faith to be maintained in all criminal proceedings. It says to the defendant that you shall have advantage of all technical law, and you shall have your charge of crime made more specific before trial, or a new charge made if you desire it, if the charge already made is vague in any of its particulars; but you must request this at the proper time and while it is within the power of the state to save expense and delay by having a proper charge made. It says to the defendant that he cannot take his chance on acquittal by going to trial on the merits, and, when convicted, then, for the first time, raise the question of the sufficiency of the charges.

But, again, it is my judgment that the act of 1884 is just as valid and enforceable now as it was the day it was passed, and that it has never been repealed or suspended by any subsequent law. When the Code of 1906 was adopted, by express provision of section 1793 all local laws prohibiting the sale, barter, or giving away of intoxicating liquors were continued in force "until amended or repealed." The act of 1884 was in full force then, and expressly so continued by that section. For the first time in the history of the state, state-wide prohibition was accomplished by the act of 1908. Before that time it was lawful to sell intoxicating liquors in certain localities in the

state; but the adoption of chapter 115 of the Acts of 1908 made it unlawful to sell intoxicating liquors anywhere and everywhere in the state. That was the real purpose of the act. The act of 1908 does not purport to repeal any liquor laws, except such as are "in conflict with, or repugnant to the act," and the act of 1884 is neither. The two acts are perfectly consistent. They are both directed toward breaking up the sale of intoxicating liquors. But, while these acts are consistent, they do not afford the same protection to the communities over which both acts operate. The act of 1884, affecting Corinth alone, secures Corinth not only against any "sale or barter" of intoxicating liquors, but it also prohibits even the "giving away" of intoxicating liquors within five miles of the courthouse. There is nothing in the act of 1908 prohibiting the "giving away" of intoxicating liquors anywhere in the state, unless the "giving away" is done *to induce trade.* These acts are not repugnant or conflicting; but the city of Corinth obtains greater protection from the evil flowing from the sale of intoxicating liquors than the state in general, in that not only can it not be sold there, but it cannot be given away. Colleges, universities, churches, charitable institutions, and such like, given special protection from both the sale and giving away of liquors, and having special local laws on this subject, in my judgment, are still protected under these local acts, and the state may prosecute for a violation of same whenever it occurs.