### NOAH WILBURN v. STATE.

[58 South. 7.]

1. CRIMINAL LAW. *Indictment for selling liquors.* *Code* 1906, *section* 1763-5032. *Laws of* 1908, *chapters* 113-114-115.

　　Where a party was indicted under Code of 1906, section 5032, for the sale of vinous, alcoholic and intoxicating liquors, in less quantities than one gallon, within five miles of the University of Mississippi, such indictment was a nullity as this section of the Code was repealed by chapers 113-114-115 of the Laws of 1908.

2. SAME.

　　Where an indictment is void, charging no offense at all, the court is without power to permit an amendment thereof.

APPEAL from the circuit court of Lafayette county. HON. C. L. CRUM, Special Judge.

Noah Wilburn was convicted of the unlawful sale of intoxicating liquors and appeals.

The facts are fully stated in the opinion of the court.

*Falkner, Russell & Falkner,* for appellant.

The indictment was bottomed upon section 5032, Code 1906; omitting the formal parts it reads as follows: "Noah Wilburn late of the county aforesaid, on the — day of — 1909, in said county, unlawfully did sell vinous, spirituous, alcoholic and intoxicating liquors in

less quantities than one gallon, within five miles of the University of Mississippi.''

A demurrer was filed to the indictment setting up the fact that section 5032 had been repealed by Laws of 1908, chapter 115.

The demurrer was overruled. A motion was then made to set aside the judgment which overruled the demurrer; the court overruled this motion.

The demurrer should have been sustained. *Hughes* v. *State*, 97 Miss. 528, 52 So. 631.

The amendment allowed a wholly different case to be presented—different in punishment; differently provided for in the statutes, and was allowed to be sustained by proof already barred.

The amended indictment did not specify any date; this was left open even after demurrer was interposed as to this feature.

*Frank Johnston*, assistant attorney-general, for appellee.

The second, third, fourth, fifth, sixth and seventh assignments of error may be considered together as presenting the general question as to the sufficiency and the amendment of the indictment. (1) It was objected that the demurrer to the indictment should have been sustained. The demurrer was overruled by the trial judge. The indictment in this case was properly held to be good on the demurrer to the same.

The indictment charges the appellant with having unlawfully sold, vinous, spirituous, alcoholic and intoxicating liquors in the county of Lafayette and in the state of Mississippi in the year 1909. The following words in the indictment, viz., "in less quantity than one gallon within five miles of the University of Mississippi," are purely surplusage. Without those words in the indictment, the offense is clearly and sufficiently

charged and stands as an offense under section 1746, of the Code, as amended by the acts of 1908, (acts of 1908, page 116). It is wholly immaterial, under the general law that I have cited, whether it was sold within five miles of the University of Mississippi, or within five miles of any other point in the county. The offense is sufficiently charged as an unlawful sale of intoxicating liquors within the county.

Conceding that section 5032 defines an offense of unlawful retailing within five miles of the University of Mississippi as a distinct offense and punishable in a particular way, it is equally true that section 1746, of the Code, re-enacted by the legislature in 1908, (acts of 1908, page 116), defines the offense which is charged in the indictment. The repeal of section 5032 therefore, could not effect in any manner, the said act of 1908 which is a re-enactment substantially of section 1746, of the Code. In section 5032, the sale must have been made within five miles of the University with special penalty, while in section 1746, amended by the acts of 1908, a sale of liquor anywhere in the county was a violation of the law, and punishable as such, and this without reference to the specific locality in the county in which the sale was made.

The indictment, therefore, was good under the act of 1908, and the words, "within five miles of the University of Mississippi," was simply surplusage for the simple reason that it was absolutely immaterial at what place in the county the sale was made and whether made within five miles of the University or not, it was an offense under the acts of 1908, amendatory of section 1746, of the Code.

I respectfully submit, therefore, that with the words defining the locality of the offense within five miles of the University of Mississippi in the indictment, still the indictment is good as the words were merely sur-

plusage and constituted no part of the statutory definition of the offense. However, this may pe on the demurrer to the indictment most unquestionably the indictment was made good by the amendment ordered by the court which struck out the words, "less than one gallon within five miles of the University of Mississippi."

(2)　This brings up the question of the amendment to the indictment. Under the provisions of section 1508 of the Code, the indictment was amendable in this particular. The statute expressly provides that amendments of this class, enumerating them, may be made by the court. This court precisely held in *Rocco* v. *State,* 37 Miss. 357, in an amendment for retailing, where the name of the person, to whom the sale was made, was stated and "for divers other persons," that it was perfectly competent for the court to strike out the words, "for divers other persons."

In the case of *Haywood* v. *State,* 47 Miss. 1, the name of the owner of the property stolen was amended, and on the same point is the case of *Robert Garvin* v. *State,* 52 Miss. 207. An amendment in regard to ordering marks on an amendment in a larceny case was sustained by the court in the case of *Murrer* v. *State,* 51 Miss. 675.

An amendment to an indictment for trespass to lands was granted by the court in *Knight* v. *State,* 64 Miss. 802.

In *Miller* v. *State,* 53 Miss. 403, the name of the injured party in an indictment for assault with intent to kill was changed by an amendment, and this is held to be competent. The same rule was announced in *Wood* v. *State,* 64 Miss. 761; and the same rule was applied in a murder case, *Miller* v. *State,* 68 Miss. 221.

The constitutionality of this statute was expressly sustained by the court in the case of *Miller* v. *State,* 53 Miss. 403, and the later case of *Peoples* v. *State,* 52 Miss. 434.

In the absence of the statute, and under the common law rule of criminal procedure, in reference to amendments to indictments, especially in cases less than felony, such an amendment was clearly permissible. The statute as to amendments, therefore, only gives force and particularity to the common law rule.

Upon these considerations, I submit therefore that if the amendment was good, that the indictment was good on demurrer, treating the words, "within five miles of the University of Mississippi" as surplusage. Any sentence of the court in the case would be governed by the general law in force and not by the special statute, section 5032, which has been repealed.

(3) That, in any view, the amendment was correct, and cured the indictment in respect to this immaterial or nonessential matter.

Argued orally by *Lee M. Russell,* for appellant.

Argued orally by *Frank Johnston,* assistant attorney-general, for appellee.

SMITH, J., delivered the opinion of the court.

The indictment upon which appellant was tried was drawn under section 5032 of the Code of 1906, and charged him with the sale of vinous, spirituous, alcoholic and intoxicating liquors, in less quantities than one gallon, within five miles of the University of Mississippi. This section of the Code was repealed by chapters 113, 114 and 115 of the Laws of 1908, and consequently the indictment failed to charge appellant with any offense, and was therefore a nullity. *Hughes* v. *State,* 97 Miss. 528, 52 So. 631.

Over the objection of appellant, this indictment was amended by the striking out of the words "in less quantities than one gallon, within five miles of the University of Mississippi." The indictment being wholly

void, and charging no offense at all, the court was without power to permit an amendment thereof. The offense charged by the amended indictment was different from, and followed by a greater punishment than the one for which appellant was originally indicted.

The judgment of the court below is reversed, the indictment quashed, and appellant discharged.

*Reversed.*