FRED MARION OSTEEN AND LILLIAN GOODLETT OSTEEN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21162. Promulgated June 23, 1950.

*C. Steele Bowen, Esq.,* for the petitioners.
*William W. Oliver, Esq.,* for the respondent.

OPINION.

DISNEY, *Judge*: This case involves income tax for the calendar year 1945. Deficiency was determined in the amount of $71.99. The only question for determination is whether the petitioner's expense for certain meals is deductible within section 23 (a) (1) (A) of the Internal Revenue Code.

We find the following facts: The petitioners are husband and wife, resident at Greenville, South Carolina, who filed a joint return for the taxable year. The husband will, for convenience, be referred to as the petitioner.

The petitioner is a railway postal clerk. During the taxable year his route was from Greenville, South Carolina, his home, to Charlotte, North Carolina, and return. He regularly left Greenville at 8 p. m. and arrived at Charlotte at 10 : 40 p. m., where he had his third regular meal of the day, and left Charlotte at 11 : 48 p. m., arriving at Greenville at 2 : 15 a. m. of the same night. The average cost of such meal was $1, and during 1945 he expended $304 for 304 meals. He was not reimbursed by his employer. He was on duty continuously from 7 : 55 p. m. until 2 : 15 a. m., except for 30 minutes at Charlotte, at which time he ate his meal. The round trip was about 200 miles travel.

Upon the facts found above, the petitioner, citing *Kenneth Waters*, 12 T. C. 414, contends that he was "away from home," within the language of section 23 (a) (1) (A), Internal Revenue Code, and, therefore, entitled to deduct the cost of his meals. The respondent argues that the expense is personal and nondeductible within section 24 (a) (1), Internal Revenue Code, and cites *Commissioner* v. *Flowers*, 326 U. S. 465. In our opinion, the respondent should be sustained. The petitioner was in no essentially different position from the worker who is unable to have one of his meals at home. His regular day's work, though it took him away from his home town, was less than seven hours, perhaps shorter than the work day for the ordinary worker. During that time he had a regular meal. Had he worked and had the meal at a restaurant in Greenville there could be no doubt that the expense would be personal. The fact that the meal was eaten at Charlotte offers no material difference. The *Kenneth Waters* case, *supra*, points out the difference between it and a situation such as

this; for there the expense allowed was not for meals, but expense of automobile travel, and we said:

It is to be noted in the case at bar that the petitioner's employment was not inherently one that entailed traveling away from his home town and returning on the same day, such as might be the condition with a trucker, a bus driver or an employee on a short run of a railroad. In the case at bar the trips were in the nature of extra services attached to the petitioner's employment and not an inherent part of his work as a store manager. His travel took place on Sunday and was largely brought about by the war emergency. Furthermore, the expenses incurred in the case at bar were essentially those of travel and not expenses connected with the procurement of food. The expenses for which the petitioner herein is claiming a deduction are confined to the act of traveling. No part of them is expense inherent in supplying the personal needs of the petitioner, regardless of his location.

We think that such language properly indicates that the expense here should be classified as personal. We hold that the Commissioner did not err in disallowing the claim.

*Decision will be entered for the respondent.*