Silvio Amoroso v. Commissioner.
Amoroso v. Commissioner
Docket No. 22573.
United States Tax Court
1951 Tax Ct. Memo LEXIS 311; 10 T.C.M. (CCH) 186; T.C.M. (RIA) 51058; March 1, 1951
Sumner W. Elton, Esq., for the petitioner. Leo C. Duersten, Esq., for the respondent. RAUM
RAUM, Judge: The respondent determined a deficiency in the income tax of petitioner for the calendar year 1945 in the amount of $1,655.27. The sole question is whether the petitioner has sustained his burden of proving that his deductions for business expenses, properly allowable under the provisions of Section 23(a) of the Internal Revenue Code, exceeded the amounts allowed by *312 the respondent. [The Facts] The petitioner is a resident of Milton, Massachusetts, and during the year 1945 lived at 29 Washington Street in that city. He filed his income tax return for 1945, on the cash receipts and disbursements basis, with the collector of internal revenue for the district of Massachusetts. Petitioner is a manufacturer's representative. He represents seven or eight manufacturers in the automotive industry, selling their parts and equipment to wholesalers on a commission basis. There were about 250 automotive wholesalers in New England, and petitioner traveled throughout that territory calling on them. His sales were confined to this territory. About 20 per cent of his customers were in the Greater Boston area. The remaining 80 per cent were in other parts of New England. Although petitioner had a telephone listing at 36 Cummington Street in Boston and made and received telephone calls there, practically all of his office work was done at his home in Milton. It was his custom to call on all of his customers as often as he could in the course of a year. He had more accounts in Boston than in any other city in New England. The petitioner usually left *313 the area of Metropolitan Boston on a Monday and returned home on Thursday, or left on Tuesday and returned home on Friday, thus spending Friday and Saturday, or Saturday and Monday, in the area of Metropolitan Boston. Sometimes, however, he would be in Metropolitan Boston only on one day a week, as on Saturday, while on other occasions he might be in that area longer if he happened to be installing or servicing machinery. He had no regular or pre-arranged routine for calling upon customers. He tried to give all of his customers the same attention. In his income tax return for the year 1945 the petitioner reported a gross income of $23,571.26 and claimed the following deductions: Meals
$ 1,676.25
Hotels
308.15
Railroad
397.77
Taxi
50.70
Postage and mailing
120.60
Telephone
1,804.09
Tips
1,256.66
Clerk hire
416.00
Warehouse rent
60.00
Commissions paid
6,240.00
Miscellaneous
229.50
Gas and oil
301.94
Garage
196.35
Car wash and repair
477.69
Car greasing
6.75
Car insurance
72.27
Car depreciation
350.00
Auto taxes
7.83
Auto tires
84.03
Total
$14,056.58 The respondent disallowed $4,106.56 of the $14,056.58 claimed. He allowed as deductions *314 substantially all of the commissions paid, all of the depreciation claimed on petitioner's automobile, and approximately one-half of the other items. His disallowance was based on the failure of petitioner to substantiate the claimed deductions. The petitioner kept a record of various expenditures made by him on a weekly printed form, called a "Salesmen's Expense Record", which was subdivided to show expenditures of various kinds made on each day of the week. Fifty-two of these forms, one for each week of the year, were introduced in evidence. Most of the expenditures recorded thereon were not substantiated by receipts. [Opinion] An examination of the amounts recorded by petitioner for meals indicates that the $1,676.25 deduction claimed for this item includes many expenditures made for meals during the days of each week which petitioner spent in the Greater Boston area. This Court has held "that section 23 (a) (1) may not be availed of to secure a deduction from gross income for 'traveling expenses' paid or incurred by a taxpayer while at his principal place of business, post of duty, or principal place of employment." S. M. R. O'Hara, 6 T.C. 841, 845. The petitioner's *315 home and principal place of business was located in the Greater Boston area. The amounts expended for meals in this area are not traveling expenses incurred while away from home in the pursuit of a trade or business, deductible under the provision of Section 23 (a). They represent personal expenses within Section 24 (a) (1), Internal Revenue Code, and are not deductible. Cf. Fred Marion Osteen, 14 T.C. 1261. Although it is not possible from the petitioner's records to determine the exact amount expended each week for meals while in the Greater Boston area and while in other parts of New England, we have made as close an approximation as is possible. Our conclusion is, and we find as a fact, that the amount expended by petitioner during 1945 for meals while away from home in pursuit of his trade or business was $1,224. The petitioner claimed a deduction of $6,240 for commissions paid. Of this amount, $6,000 represents payments of $250 semimonthly to T. H. Balestrieri, an employee of petitioner. Canceled checks drawn on the First National Bank of Boston, evidencing these payments, were introduced by petitioner. One of the checks for $250 is dated *316 December 29, 1944, and was cashed on January 2, 1945. Since the amount of this check would be deductible in the year 1944 (cf. Estate of Modie J. Spiegel, 12 T.C. 524; Estelle Broussard, 16 T.C. No. 3, January 9, 1951), it cannot be deducted in 1945. The balance of the claimed deduction represents payments made to Arthur A. Balestrieri, who had been in the employ of the petitioner since 1941. When he entered the Army, petitioner decided to carry him on the payroll at $20 a month until he returned from service. While in the service in this country, the $20 checks were made payable to him. Prior to going overseas arrangements were made by him with petitioner to have checks made payable to his mother, who was instructed to deposit them in a joint bank account and use the money when necessary in his behalf. During the year 1945 petitioner made the $20 checks payable to the mother of Arthur A. Balestrieri. Upon the completion of his Army service he again entered the employ of petitioner. The $240 paid by petitioner during 1945 was an allowable deduction from gross income. I.T. 3602, 1943-1 C.B. 64. Although we think petitioner actually made many *317 of the expenditures for which he claims deductions, some of them are not adequately substantiated, and we are not satisfied that all of them were made in connection with his trade or business. After a careful consideration of all of the evidence, it is our conclusion, and we find as a fact, that the business and traveling expenses of petitioner for the year 1945, deductible under the provisions of Section 23 (a) (1) (A), were as follows: Meals
$ 1,224.00
Hotels
272.50
Railroad fares
198.73
Taxi fares
50.70
postage and mailing
87.00
Telephone
901.32
Tips
627.83
Clerk hire
416.00
Warehouse rent
60.00
Commissions paid
5,990.00
Miscellaneous
114.66
Gas and oil
250.00
Garage rental
196.35
Car wash and repair
415.00
Car greasing
6.75
Car insurance
72.27
Car depreciation
350.00
Auto taxes
7.83
Auto tires
100.82
Total
$11,341.76
Decision will be entered under Rule 50.