William A., Jr., and Helen Rowland v. Commissioner.
William A. v. Commissioner
Docket No. 26317.
United States Tax Court
1952 Tax Ct. Memo LEXIS 191; 11 T.C.M. (CCH) 570; T.C.M. (RIA) 52170; June 5, 1952
*191 Petitioners are held not entitled to the deduction of expenditures for repairs to personal watches, a sewer charge, Oklahoma State cigarette taxes, and the cost of a midday meal taken by the petitioner Helen Rowland at her place of employment, the cost of which was deducted from her pay. Respondent is sustained, under the facts here disclosed, in determining the deficiency upon the basis of a joint return. Louis M. and Leora R. Roth, 17 T.C. 1450, (March 7, 1952). Malcolm E. Rosser, Esq., for the petitioners. W. B. Riley, Esq., for the respondent. HILL
Memorandum Opinion HILL, Judge: Respondent has determined a deficiency in income tax against petitioners for the calendar year 1948 in the sum of $86.12. In an amended answer filed prior to the hearing, respondent asked an increase in the deficiency to $118.02. The issues presented are with respect to the correctness of respondent's action in determining the deficiency in his disallowance of (a) expenditures of $15 and $13 for repairs to personal watches; (b) $6 deducted as a sewer tax; (c) $26 deducted as representing Oklahoma State cigarette tax; and (d) a deduction of $67.50 representing *192 the cost of meals to the petitioner Helen Rowland deducted from her salary by her employer. Petitioners further assign as error the action of respondent in determining the deficiency against petitioners upon the basis of a joint return. The proceeding was heard at Muskogee, Oklahoma, on May 7, 1951, by Henry C. Stockell, who was designated as a Commissioner for that purpose pursuant to Rule 48 of the Rules of Practice of the Tax Court and section 1114 (b) of the Internal Revenue Code. The Commissioner has filed his report setting forth his findings of fact with respect to the proceeding. Neither of the parties hereto has filed exceptions to those findings. On examination we approve such findings and hereby adopt and include them herein by reference in our findings of fact. [The Facts] The petitioners are husband and wife and reside in Muskogee, Oklahoma. The petitioner William A. Rowland, Jr., for the calendar year 1948 filed a Federal income tax return with the collector of internal revenue for the district of Oklahoma, reporting gross income of $2,329.97, representing his salary as a grocery clerk, and arriving at a net income of $2,007.83 by the *193 deduction of $322.14, the total of itemized deductions set out on a schedule attached to the return and representing claimed expenditures for contributions, interest, taxes, losses, medical expenses and union dues. This return was signed only by this petitioner. On it three exemptions were claimed for petitioner himself, his wife and his daughter. On this return the question as to whether or not his wife was filing a separate return was answered "No." Upon the basis of the net income reported, tax was computed of $34.50, and a payment of tax by withholding from wages was reported of $66.40, resulting in an overpayment of $31.90, for which refund was asked. Petitioner Helen Rowland filed for the calendar year 1948 an individual income tax return with the collector of internal revenue for the district of Oklahoma, reporting gross income of $759.24, representing her earnings as a trained nurse. Net income of $545.20 was arrived at by the deduction of the sum of $214.04, composed of items representing the cost of nurse's uniforms and accessories and laundry and cleaning thereof, and state registration fees, in the total amount of $146.54, together with a deduction of $67.50 represented *194 to be the cost to her of one meal each day taken by her at the hospital in which she was employed as a nurse and deducted from her pay by the hospital. This return carried on its face a notation: "Form 1040 is submitted herewith to support claim for refund. This is not a return." Petitioner William A. Rowland, Jr., during the calendar year was employed as a grocery clerk. In that year, while working at the store carrying heavy boxes, this petitioner broke his watch and had it repaired at a cost of $15. He also in that year paid the sum of $13 for repairs to a watch belonging to his wife, together with a watch band. Respondent's action in disallowing the deduction of these two claimed losses is sustained. There is no evidence that the maintaining of a watch by this petitioner was required of him in the services which he performed, nor are the circumstances of the damage to this personal watch such as to bring it within the general category of a casualty loss. The circumstances in connection with the damage to the watch of petitioner Helen Rowland are not disclosed by the record, nor is a necessity established for the use by this petitioner of a watch in connection with her work *195 under which the repair might be sustained as a business expense. This petitioner's work as a hospital nurse did not begin until August of the taxable year, whereas the repairs to the watch were in the prior April. It is also noted that of the total $13 claimed, $4.50 is shown to have been for the purchase of a watch bracelet. [Opinion] Respondent's action in his disallowance of the deduction by petitioner William A. Rowland, Jr., of $26 for Oklahoma State cigarette taxes and $6 as sewer tax is sustained. The cigarette tax in question was that paid on cigarettes purchased by this petitioner and evidenced by revenue stamps purchased by and affixed to the packages of cigarettes by the vendor prior to their purchase by petitioner. Such tax is an excise tax and not a sales tax and is not deductible under section 23 (c) (3) of the Internal Revenue Code. Louis M. and Leora R. Roth, 17 T.C. 1450 (March 7, 1952). The $6 deducted as sewer tax was paid by this petitioner under ordinance No. 1633 of the City of Muskogee which levies a service charge for use of the city's sewers. This charge is not a tax. Sharp v. Hall, 198 Okla. 678, 181 P. 2d 972; Louis M. and Leora R. Roth, supra. *196 Respondent has allowed all of the deductions taken by the petitioner Helen Rowland with the exception of $67.50 representing the cost, at the rate of $15 per month, for meals taken by her in the cafeteria maintained by the hospital in which she was employed. This petitioner was required to be on duty for a full 12-hour period, and it was necessary for one meal a day to be taken by her at the hospital. The amount of this expense was deducted by the hospital from this petitioner's pay. The cost of a midday meal to an employee is not deductible as a business expense unless it can qualify as a traveling expense while away from home, which is not the case here. Fred M. Osteen, 14 T.C. 1261. The situation here is in all substantial respects similar to one in which the employee during her normal work day purchases her midday meal at or near the location at which she is employed. It is, we think, a personal expense and not subject to deduction. With respect to the action of the respondent in determining the deficiency upon the basis of a joint return by these two petitioners, it need only be said that the facts in connection with the filing of the returns by these parties *197 are identical with those involved in the case of Louis M. and Leora R. Roth, supra, in which we held that the respondent was correct in determining the deficiency upon this basis. For the reasons set out by us in detail in the cited case, we sustain respondent in his action in computing the deficiency upon the basis of a joint return. Respondent, by amended answer, asked an increase in the deficiency from $86.12 to $118.02. This is to correct an error in the computation of the deficiency as advised of in the deficiency notice. The amount of $118.02 is the correct amount of the deficiency. Decision will be entered for the respondent.