Carl and Virginia Gaines Flaherty v. Commissioner.
Flaherty v. Commissioner
Docket No. 29960.
United States Tax Court
1952 Tax Ct. Memo LEXIS 167; 11 T.C.M. (CCH) 648; T.C.M. (RIA) 52195; June 23, 1952
*167 The petitioner Carl Flaherty, a railroad brakeman, held, not entitled to the deduction of the cost of meals consumed while away from home performing his duties under directions by his employer where such duties consisted of continuous service on a run to a designated point and back to his local station. Fred Marion Osteen, et al., 14 T.C. 1261. The petitioners held not entitled to the deduction of Oklahoma cigarette taxes paid by the vendor prior to the purchase of the cigarettes by petitioners. Petitioners further held not entitled to the deduction of $6 paid for sewer charges, $15 paid for repairs to a personal watch belonging to petitioner Virginia Gaines Flaherty, and not entitled to the deduction of certain work clothing purchased and worn by petitioner Carl Flaherty and of a type not required by his employer nor of any distinctive character making it inapplicable for other wear. The petitioners further held not entitled to the deduction of Oklahoma sales taxes in an amount in excess of that allowed by respondent. The respondent is sustained upon his determination of the deficiency upon the basis of a joint return, under the rule laid down in Louis M. and Leora R. Roth, 17 T.C. 1450 *168 (March 7, 1952). Malcolm E. Rosser, Esq., for the petitioners. W. B. Riley, Esq., for the respondent. HILL Memorandum Opinion HILL, Judge: Respondent has determined a deficiency in income tax against the petitioners for the calendar year 1948 in the sum of $172.30. By the petition error is assigned upon respondent's action in (a) determining the deficiency upon the basis of a joint return, and his disallowance of deductions of (b) the cost of meals in the sum of $306 purchased by the petitioner Carl Flaherty while away from home; (c) an alleged payment of interest in the sum of $12; (d) Oklahoma cigarette taxes, $7.80; (e) sewer tax, $6; (f) a loss of $22.50 occasioned by the breakage of two watches; (g) $134.15 as the cost of work clothing, together with $65 representing the cost of laundry thereof; and (h) the reduction from $65.97 to $38.43 of the deduction taken by the petitioners as representing Oklahoma sales taxes paid. The proceeding was heard at Muskogee, Oklahoma, on May 8, 1951, by Henry C. Stockell, who was designated as a Commissioner for that purpose, pursuant to Rule 48 of the Rules of Practice of the Tax Court and section 1114 (b) of the Internal Revenue Code *169 . The Commissioner has filed his report setting forth his findings of fact with respect to the proceeding. Neither of the parties hereto has filed exceptions to these findings, and we hereby adopt and include them by reference in our findings of fact. The petitioners are husband and wife and residents of Muskogee, Oklahoma. The petitioner Carl Flaherty filed a return for the taxable year with the collector of internal revenue for the district of Oklahoma. This return was signed by this petitioner alone, and reported only the income received individually by him in his employment, claimed as an exemption his wife, and stated that no return was being filed by her. A return for this same period was filed by petitioner Virginia Gaines Flaherty, reporting as income only her individual earnings in the sum of $483.44. This return carried her name as the basis for exemption, reported no tax due, and asked refund in the sum of $27.50, the amount withheld by her employer from her pay. This return was endorsed, "Form 1040 is filed herewith to support claim for refund. This is not a return." The petitioner Carl Flaherty, hereinafter referred to as the petitioner, was, during the taxable year, *170 employed as a railroad brakeman at Muskogee, Oklahoma. The offices of his employer from which the orders were issued directing performance of duty by him were located at Muskogee. He was employed on what is known as the "extra board." Such an employee is not assigned a regular run or post of duty, but is subject to call to fill vacancies that arise anywhere on the railroad system. During the calendar year this petitioner was assigned to runs from Muskogee, Oklahoma, to Denison, Texas; from Denison, Texas, to Allen, Oklahoma; from Muskogee to Baxter Springs, Kansas; and from Muskogee to Okmulgee, Oklahoma. On some of these assignments petitioner would spend as much as two weeks at a time, and had to provide his own board and lodging. On assignments of this character petitioner incurred expense for board and lodging of $556, which has been allowed in determining the deficiency. In addition to these assignments, petitioner during the taxable year had assignments as brakeman on "turn around runs." These were assignments on which he made a run to a certain point and then back to Muskogee. Some of these were in the day and some at night, and involved no expense for lodging but only for meals *171 bought away from Muskogee during the period of absence. On such runs petitioner, during the taxable year, expended the sum of $306. All of these meals were taken at points more than 45 miles from Muskogee. On none of these runs was there a layover. The petitioner was on active duty at all times from his departure from Muskogee until his return to that point. Under the facts as above stated, we are are unable to distinguish the situation here from that involved in Fred Marion Osteen, et al., 14 T.C. 1261, in which case we held that an employee on a night run of 100 miles to a turn-around and back to his place of residence was not entitled to deduction of the cost of a night meal consumed by him at the turn-around point. We think our decision in the cited case disposes of the question here, and we sustain the respondent in his disallowance of this deduction. In the taxable year petitioner purchased cigarettes in Oklahoma upon which the vendor had paid the sum of $7.80 in Oklahoma State cigarette tax, which was evidenced by stamps purchased by the vendor and affixed to the packages of cigarettes prior to their purchase by this petitioner. This tax paid by the vendor is *172 a state excise tax and not a sales tax deductible by the petitioner. Louis M. and Leora R. Roth, 17 T.C. 1450, (March 7, 1952). On his return for the taxable year the petitioner deducted the sum of $65.97 as representing Oklahoma sales taxes paid by him. This deduction was reduced by respondent, in determining the deficiency, to $38.43. Petitioner kept no record of sales taxes paid by him and the amount deducted represents a general estimate on his part. The Commissioner has found that under the evidence it is not shown that any amount in excess of $38.43 allowed by respondent was expended for this purpose, and on this issue we sustain the respondent. The petitioner deducted on his return the sum of $6, representing a sewer tax. This payment was a charge for sewer service under Ordinance No. 1633 of the City of Muskogee, Oklahoma. It does not constitute a tax and is not deductible. Louis M. and Leora R. Roth, supra. The respondent, on brief, concedes that the petitioners are entitled to the deduction of $12, representing interest paid on indebtedness, and $7.50 expended by petitioner Carl Flaherty for repairs to a watch which he was required by his *173 employment to maintain at his expense. In addition to this deduction, the petitioner has claimed $15 as expended for repairs to a watch owned by his wife. The latter deduction is not allowable. The circumstances under which the breakage of the watch occurred are not disclosed. It is not revealed to be a casualty loss nor is there evidence that this watch was maintained in accordance with any requirement of the service in which the petitioner Virginia Gaines Flaherty was employed. The disallowance of this item is sustained. The petitioner, while engaged in his duties, customarily wore a blue cap, blue shirt and overalls. In the winter he wore a heavier cap and a jacket or jumper. Petitioner sometimes were cotton gloves, and when engaged in heavier work he wore leather gloves. The cotton gloves cost an average of 35 cents per pair and the leather gloves $1.60 per pair. The petitioner in the taxable year purchased not less than 25 pairs of cotton gloves and 2 pairs of leather gloves. There was no requirement on the part of petitioner's employer that he wear the particular type of work clothing purchased and worn by him. It was in no way distinctive and was the customary type of clothing *174 worn by those engaged in work performed by this petitioner. It bore no insignia or marking identifying petitioner as a railroad employee or which would make the clothing inapplicable for other wear or use. Petitioner paid approximately $3 each for overalls and $2 each for shirts, and purchased 7 sets of overalls and shirts during the taxable year. We hold that the cost of the cotton and leather gloves is subject to deduction as reasonably necessary to petitioner in the performance of his duties. We sustain the respondent in his disallowance of the cost of the other items of work clothing for which deduction is made. Louis M. and Leora R. Roth, supra; Harry A. Roberts, 10 T.C. 581, affirmed 176 Fed. (2d) 221. The cost of this work clothing being a personal expense, the petitioner is not entitled to the deduction of the cost of laundry thereof. The remaining issue is with respect to the determination by respondent of the deficiency here in question upon the basis of a joint return. The facts under this issue are identical with those involved in Louis M. and Leora R. Roth, supra, in which we sustained respondent in his determination *175 of the deficiency upon the basis of a joint return. Upon the basis set out in our opinion in the cited case, we here sustain respondent in his action. Decision will be entered under Rule 50.