David G. Anderson, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 32909.   Promulgated June 24, 1952.

*David G. Anderson*, pro se.
*Melvin A. Bruck, Esq.*, for the respondent.

### OPINION.

HARRON, *Judge:* The question for determination is whether petitioner's expense for 267 meals is deductible under section 23 (a) (1) (A) of the Code which allows deduction of traveling expenses, "(including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business."

The petitioner claims that he was "away from home" in a travel status within the terms of section 23 (a) (1) (A) ; and that when he was released from duty in Oklahoma City on each outbound run, he was in the same status as other railroad operating personnel who rest at their away-from-home terminals before commencing the return trip to their home terminals.

The respondent contends that the expense of meals was personal expense and, therefore, under section 24 (a) (1), is not deductible. Cf. *Louis Drill*, 8 T. C. 902.

The evidence shows, and we have found as fact, that the work schedule of the petitioner was not a "turn-around" run between two railroad terminals. Cf. *Fred Marion Osteen*, 14 T. C. 1261. On the contrary, at the end of each trip to Oklahoma City, the away-from-home terminal, the petitioner was released from duty for a rest period either 2½ or 3 hours before commencing the return trip. A round trip involved traveling 414 miles, and the elapsed time was either 16 or 18 hours, depending upon the speed of the particular train making the trip. Also, the petitioner's work schedule required that the petitioner make two consecutive round trips, covering 824 miles, during which he was away from his home terminal during two nights out of three. The petitioner purchased three meals at his own expense in Oklahoma City, breakfast, lunch, and dinner, during the two rest periods there under the schedule of making two consecutive round trips. Under the facts, it is concluded that the work of the petitioner involved travel on business "away from home" within the provisions of section 23 (a) (1) (A). *Kenneth Waters*, 12 T. C. 414, 416. The petitioner is entitled, therefore, to the deduction claimed for the entire expense of meals and lodging while away from home in pursuit of business under section 23 (a) (1) (A). The respondent has allowed deduction for lodging expense. We hold that the expense of meals is deductible also.

The respondent specifically considered the question of the deductibility of traveling expenses of railroad train employees in I. T. 3395 (1940–2 C. B. 64). He held as follows:

It is held that locomotive engineers and other railroad trainmen, who are required to remain at away-from-home terminals in order to obtain necessary rest prior to making a further run or beginning a return run to the home terminal are entitled to deduct for Federal income tax purposes the cost of room rental and meals while away from home on such runs.

The petitioner, ordinarily, did not have lodging expense at his away-from-home terminal because he was provided a cot in a baggage car to rest upon. But that is no reason for disallowing deduction of other actual expense. Our findings of fact show that the petitioner actually was in travel status and made stays away from home. It is true that at the end of the first of the two required consecutive round trips, the

petitioner was able to and did go to his home in Parsons, Kansas, but that round trip commenced at 2 a. m., in the middle of the night, and during the stay at the away-from-home terminal the petitioner had the expense of two regular meals, breakfast and lunch.  The second round trip was without question an overnight trip beginning at 11 a. m. of the so called second day, and ending at 5:10 a. m. of the so called third day, during which period the petitioner had the expense of dinner at his away-from-home terminal.  We think it is too narrow a view of the facts not to regard both round trips as overnight trips. Furthermore, it was necessary for the petitioner to obtain rest at the end of the outbound run before starting upon the return run.  We believe, too, that the determination of the question should not depend upon the length of the rest period.  The round trips required 16 and 18 hours during which a rest period was necessary.  The facts in this proceeding bring this petitioner within the ruling of the Commissioner, I. T. 3395, *supra.*

The respondent has not presented any reason for not applying his ruling in this instance.  He departs from it upon the theory that the rule set forth in *Fred Marion Osteen, supra,* controls the question here. But the facts in the *Osteen* case were such that it was concluded that the petitioner in that case "was in no essentially different position from the worker who is unable to have one of his meals at home."  In the *Osteen* case, the taxpayer's regular work day was less than seven hours and although he worked on trains, as did the petitioner here, he was on a run which is known as a "turn-around" which did not involve any rest period or overnight run.  The *Osteen* case, upon which respondent relies chiefly, is clearly distinguishable on its facts from this proceeding, and we reject the respondent's contention that it provides the controlling rule for decision of the issue presented here.  Other cases cited by the respondent have been considered, but they are distinguishable on the facts.

Reviewed by the Court.

*Decision that there is a deficiency of $15 will be entered.*

HILL, *J.*, concurs in the result.