Eugene E. Moore, Mary E. Moore v. Commissioner.
Moore v. Commissioner
Docket No. 35384.
United States Tax Court
1952 Tax Ct. Memo LEXIS 1; 11 T.C.M. (CCH) 1222; T.C.M. (RIA) 53004; December 31, 1952
*1 Petitioner, a railway mail clerk, resided in Waycross, Georgia, and worked on trains running between Waycross and Albany, Georgia. Albany was petitioner's terminal post of duty, and his travel allowance, salary, and time were computed therefrom. Petitioner deducted $835.63 on his 1948 income tax return for meals, lodging, and incidental expenses incurred principally at Albany between scheduled runs. Held, such expenditures were not traveling expenses within the meaning of section 23 (a) (1) (A) of the Internal Revenue Code. E. E. Moore, Jr., Esq., 175 Auburn Ave., Atlanta, Ga., for the petitioners. Leigh A. Crockett, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion This proceeding *2 in volves an income tax deficiency for 1948 in the amount of $203.92. The issue is whether respondent properly disallowed a deduction of $835.63 claimed as traveling expenses under section 23 (a) (1) (A) of the Internal Revenue Code. Findings of Fact Petitioners, husband and wife, filed a joint income tax return for 1948 with the collector of internal revenue for the district of Georgia. They have resided in Waycross, Georgia, since about 1909, where they have raised a family, established social and religious ties, and have their voting residence. Eugene E. Moore (hereinafter referred to as the petitioner) has been continuously employed for over 40 years as a mail clerk by the Railway Mail Service of the Post Office Department. In or about 1921, the Railway Mail Service assigned petitioner to the Waycross and Albany run of the Railway Post Office and such assignment continued through the year 1948. A schedule of the trains running between Albany, Georgia, and Waycross, Georgia, on which petitioner served as a railway mail clerk during 1948 was approximately as follows: Train No. 95
Lv. Albany
2:45 a.m.
Ar. Waycross
5:40 a.m.
Train No. 18
Lv. Waycross
9:20 a.m.
Ar. Albany
12:35 p.m.
Train No. 17
Lv. Albany
4:20 p.m.
Ar. Waycross
7:10 p.m.
Train No. 94
Lv. Waycross
10:50 p.m.
Ar. Albany
2:00 a.m.
*3 Petitioner's terminal post of duty, or the service head-out for his runs, was Albany. His work day started about two hours before the train left Albany, and was completed when he returned to Albany. He received credit for the entire working time covered by each round trip. When petitioner was on a series of round trips, which was called a tour of duty, he incurred expenses for meals, lodgings, and incidentals. These expenses were incurred principally in Albany between his scheduled runs. When petitioner had a period of days off between tours of duty, he returned to Waycross. The following schedule shows petitioner's daily runs by trains, his single days off, his lay-off time spent at Waycross, and his days spent going back and forth (deadhead) from Waycross to his terminal post of duty (Albany) for a typical month (September) during the taxable year: DATES
1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
TRAINS
Day
17
17
17
Day
95
95
Dead-
Lay-Off Spent
Dead-
Off
94
94
94
Off
18
18
head
at Home
head
DATES
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
TRAINS
95
95
95
95
17
17
Day
17
17
17
Day
95
95
Dead-
Lay
18
18
18
18
94
94
Off
94
94
94
Off
18
18
head
Off
*4 Petitioner's orders and instructions pertaining to his employment and duties were issued out of the district superintendent's office of the Railway Mail Service in Atlanta, Georgia. The Railway Mail Service maintained no headquarters or office in connection with petitioner's employment in Albany. Petitioner's travel allowance, salary, and time were computed from Albany although he continued to live in Waycross. During the taxable year petitioner received a travel allowance from his employer in the amount of $234.80. The amount of this travel allowance was based upon the time his employment required him to be away from his terminal post of duty in Albany, including time spent in Waycross. On the joint return for 1948, petitioner reported total compensation from the Post Office Department of $4,550.65, consisting of $4,315.85 salary and $234.80 travel allowance, and claimed traveling expenses of $1,070.43. The items making up the deduction were $806.25 for 645 meals for 215 days away from home, $240 for room, fuel, and lights, and $24.18 for telephone. In determining the deficiency, the respondent allowed the $234.80 travel allowance as a deduction, but disallowed the remaining *5 $835.63 claimed by petitioner. Opinion RICE, Judge: Section 23 (a) (1) (A) of the Internal Revenue Code authorizes a taxpayer to deduct as trade or business expenses "* * * traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *". If, however, the claimed expenses are personal, living, or family expenses, their deduction is expressly prohibited by section 24 (a)(1) of the Code. Assuming, without deciding, that the amounts involved were actually expended, we are not convinced that such expenses were incurred while petitioner was "away from home in the pursuit of a trade or business". Petitioner resided in Waycross as a matter of personal choice. His terminal post of duty was Albany, and his scheduled runs began and ended there. When starting a tour of duty, he had to deadhead from Waycross to Albany to begin his day's work. When he finished his tour of duty and had a few days' lay-off, he had to deadhead from Albany to Waycross. If he had lived in Albany, it would have been unnecessary for petitioner to deadhead back and forth from the place he lived to the starting *6 point of each day's run. It would also have been unnecessary for him to spend so much money for meals and lodging in Albany. Such expenses, therefore, resulted from petitioner's election to keep his place of abode in Waycross. In our opinion, the expenses were personal living expenses of the petitioner, and had no direct connection with carrying on the trade or business of his employer. The necessity for a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer was pointed out by the Supreme Court in Commissioner v. Flowers, 326 U.S. 465 (1946). This was one of three conditions which the Court said a taxpayer must satisfy before he is entitled to deduct traveling expenses under section 23 (a) (1) (A). Another of the conditions under the Flowers rule which petitioner cannot satisfy is that the expenses must be incurred while "away from home". The courts have consistently construed this statutory phrase to mean the taxpayer's "place of business, employment, or post or station at which he is employed". Raymond E. Kershner, 14 T.C. 168, 174 (1950), and cases there cited; Carragan v. Commissioner, 197 Fed. (2d) 246 *7 (C.A. 2, 1952); Fred Marion Osteen, 14 T.C. 1261 (1950); cf. David G. Anderson, 18 T.C. 649 (1952), where the taxpayer, a railway express messenger, was allowed to deduct the expense of meals purchased while traveling away from his home terminal. Since petitioner fails to satisfy two of the three conditions which must be met under the rule of the Flowers case, Decision will be entered for the respondent.