AL J. SMITH AND KATHERINE F. SMITH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 64382.   Filed February 11, 1960.

*Thomas R. Ward, Esq.*, and *Roland J. Mestayer, Jr., Esq.*, for the petitioners.

*Harold G. Clark, Esq.*, for the respondent.

864

OPINION.

TURNER, *Judge:* The principle that an item of expense is not deductible if allowance thereof would contravene sharply defined State or Federal policy, has been well established. See *Hoover Express Co.* v. *United States,* 356 U.S. 38; *Tank Truck Rentals* v. *Commissioner,* 356 U.S. 30; *Commissioner* v. *Sullivan,* 356 U.S. 27; *Lilly* v. *Commissioner,* 343 U.S. 90; *Commissioner* v. *Heininger,* 320 U.S. 467; *United States* v. *Winters,* 261 F. 2d 675, certiorari denied 359 U.S. 943; *Wm. T. Stover Co.,* 27 T.C. 434; *R. E. L. Finley,* 27 T.C. 413, affd. 255 F. 2d 128; *Boyle, Flagg & Seaman, Inc.,* 25 T.C. 43; *Anthony Cornero Stralla,* 9 T.C. 801.

Section 2613 of the Mississippi Code Annotated (1942) makes it unlawful to keep, have in possession, sell, or give away intoxicating liquor.[1] Section 2642 of the Code makes it unlawful to transport into or within the State intoxicating liquors.[2]

Petitioner claimed as a deduction the cost of whisky in the amount of $633.75, as "Sales Promoton & Entertainment." Respondent has

---

[1] SEC. 2613. Unlawful to keep, have in possession, sell or give away intoxicating liquor.

If any person shall sell or barter, or give away or keep or have in his possession, except as hereinafter authorized, any vinous, alcoholic, malt, intoxicating or spirituous liquor, or intoxicating bitters or drinks, which if drunk to excess will produce intoxication, such person, and all others who may have owned or had any interest at the time in the liquors, bitters or drinks sold or bartered, or kept or in possession contrary to law, shall on conviction, be punished as follows:

(a) By a fine of not less than one hundred dollars, nor more than five hundred dollars, or by imprisonment in the county jail not less than one week nor more than three months, or both, for the first conviction under this section.

(b) By a fine of not less than one hundred dollars and by imprisonment in the county jail not less than sixty days, nor more than six months, for the second conviction for violating this section.

(c) By imprisonment in the state penitentiary not less than one year nor more than five years for conviction the third time under this section for the violation thereof after having been twice convicted of its violation.

[2] SEC. 2642. Unlawful to transport into this state—or within the state.

It shall be unlawful for any transportation company, or any agent, employee, or officer of such company, or any other person, or corporation to transport into or deliver in this state in any manner or by any means any spirituous, vinous, malt, or other intoxicating liquors or drinks intended for private use, or for any such person, company, or corporation to transport any spirituous, malt, vinous, or intoxicating liquors or drinks from one place within this state to another place within the state, or from one point within this state to any point without the state, except in cases where this chapter authorizes the transportation.

disallowed the entire amount on the ground that "the purchase of or giving away of whisky violates sharply defined policy inasmuch as section 2613 of the Mississippi Code prohibits the purchase, sale, importation and giving away of intoxicating liquors." He does not now contend that the purchase of alcoholic liquor is a violation of the law, but does contend that "[t]he cost of alcoholic beverages by petitioner in the State of Mississippi and given to his customers in that State is not deductible because the sale, possession and giving away of alcoholic beverages are forbidden in Mississippi by statute and, therefore, the allowance of such a deduction would frustrate the sharply defined public policy of that State as expressed in its statutes and through the votes of its citizens."

The record shows that $330 of the claimed deduction of $633.75 was expended by petitioner on whisky outside Mississippi and given to his customers or business guests outside Mississippi, and respondent is not now contending that petitioner is not entitled to a deduction of that amount.

Mississippi's statewide prohibition laws were first enacted by the State legislature in 1908. Acts 1908, Chs. 113, 114, 115; *Hughes* v. *State*, 52 So. 631 (Miss.). As late as 1952, in a special referendum election, the majority of the voters approved the continuance of statewide prohibition by voting against a proposal to permit local option elections in the individual counties. Thus, the people of Mississippi, through their representatives in the legislature and by their vote in 1952, have established and ratified a sharply defined policy against the traffic in alcoholic liquors.

This Court, in *R. E. L. Finley, supra,* denied a deduction for the cost of liquor for business promotion and entertainment, on the ground that the expenditure in question was made in violation of Oklahoma prohibition laws, at which time Oklahoma had statewide prohibition laws. Later the United States Court of Appeals for the Tenth Circuit disallowed a deduction claimed by a lawyer-taxpayer of Tulsa, Oklahoma, for the cost of whisky purchased and used in his home for the entertainment of clients and prospective clients of his law firm, on the ground that the taxpayer deliberately and knowingly patronized an illegal business, and by such patronage there was a severe and immediate frustration of State policy. *United States* v. *Winters, supra.*

Petitioner contends that Mississippi's prohibition laws do not establish such a policy for Mississippi, since, by another State law,[3]

---

[3] Miss. Code Ann. (1942), Tit. 40, Chapter 3—Sales, Division 1—General Sales Tax: SEC. 10108–01. Tax on sales prohibited by law.—1. Upon every person engaging or continuing within this state in the business of selling or distributing, at wholesale or retail, any tangible property, articles or commodities whatsoever, the sale or distribu-

a tax is levied on sales that are prohibited by law, that in administering the law, the tax is applied only on the sales of intoxicating liquors, that the manner in which the tax is collected by the State officials is an encouragement to liquor dealers and is an inducement to the prosecuting officials to be lax in the prosecution of the violations of the prohibition laws.

The position of the petitioner is not, in our opinion, well taken. The fact that the traffic in liquor is illegal does not preclude the legislature from imposing a tax thereon. *State v. Rombach*, 73 So. 731 (Miss.). See also License Tax Cases, 5 Wall. 462; *Youngblood v. Sexton*, 32 Mich. 406; *Foster v. Speed*, 111 S.W. 925 (Tenn.); *Casmus v. Lee*, 183 So. 185 (Ala.). Neither does it follow that the imposition of the tax makes the selling, bartering, or giving away of intoxicating liquors, or the keeping or having of such liquors in possession, any the less a violation of Mississippi law.

---

tion of which is prohibited by law, there is levied and imposed a tax equal to ten per cent of the gross proceeds of the selling price thereof, which shall be collected in the manner herein provided.

2. The administration of this act shall be vested in and exercised by the state tax collector, and the enforcement thereof in any of the courts of the state shall be under his jurisdiction. The state tax collector may require the assistance of and act through the attorney general, prosecuting attorney of any county, or any district attorney and may, where in his opinion the circumstances justify it, employ special counsel to aid in the enforcement of this act. The state tax collector may also employ such deputies as may in his opinion be necessary to aid in the administration of this act and the state tax collector and all such special counsel and deputies shall be compensated in the manner hereinafter provided. Each deputy appointed by the state tax collector under the provisions of this act shall execute a bond in the sum of five thousand dollars ($5,000.00) conditioned according to law for the faithful discharge of his duties.

3. The tax imposed under the provisions of this act shall be due and payable on or before the 15th day of the month next succeeding the month in which it accrued. The state tax collector shall collect the tax on or before the 15th day of each month by causing the person liable therefor to pay all taxes due hereunder for the preceding month. To facilitate the administration of this act the state tax collector is hereby authorized to prescribe the method and procedure governing the collection of the tax and anyone failing to comply with the method and procedure so prescribed or who shall fail to pay the tax as and when due, shall be liable for a penalty in the sum of dou le the amount of such tax.

4. At the instance of the state tax collector the governor is directed to request of the secretary of the treasury of the United States or any other officer of the United States government or of the state tax commissioner, any record which may be needed in the enforcement of this act.

5. The provisions of this act shall apply to the sale or distribution of any property, articles or commodities whatsoever, the sale or distribution of which is prohibited either under the laws of this state or of the United States.

6. The power and authority hereby vested in the state tax collector shall be cumulative and in addition to any other power and authority now vested in him by law.

7. All taxes collected by the state tax collector under the provisions of this act shall be paid into the state treasury by him as required by law but he may retain ten (10) per cent of all such collections out of which sums so retained by him he shall pay all expenses incident to the enforcement of this act including his own compensation and that of his deputies and attorneys appointed pursuant to the provisions hereof. The commission of ten (10) per cent allowed the state tax collector as provided in this section shall be in addition to other fees and commissions allowed him by law and shall not be taken into consideration in arriving at the maximum of five thousand dollars ($5,000.00) per annum for his salary and that of his deputies.

8. The tax imposed by this act shall be in addition to any other tax imposed by law.

Accordingly, we conclude and hold that Mississippi in its prohibition laws has an established and sharply defined policy, which would be frustrated and violated by the allowance of the deduction claimed by petitioner for the amounts expended by him for intoxicating liquors, which liquors were given to customers, all in the State of Mississippi. The claimed deduction is denied.

Another issue relates to the deductibility of the cost of petitioner's meals on his trips away from home on the days at the end of which he returned to his home. The original deduction claimed for "travel" was in the amount of $575.16, the entire amount being disallowed by the respondent under the determination that the deduction was for the cost of meals petitioner had purchased for himself on the daily trips and that such cost represented nondeductible personal living expenses.

The parties are agreed that petitioner expended $71.86 for meals he consumed alone on the daily trips in question, and that the balance of $503.30 was expended by petitioner for 233 meals, of which 105 meals were consumed by him and 128 were consumed by his business guests. Respondent concedes that petitioner is entitled to a deduction of the expenditure made for the meals he furnished his business guests, but the parties are not in agreement as to the amount expended for such meals.

The testimony of petitioner amounts to no more than that some of the meals he consumed when entertaining business guests cost less than those consumed by his guests, and that some of his other meals cost about the same as the meals he furnished his guests. In the absence of proof more definite, it is reasonable, we think, to conclude that on an average petitioner's meals would be substantially comparable to those of his business guests and we have made our finding of the amount expended accordingly.

The final question is whether petitioner is entitled to deduct as a business expense the cost of his own meals in the aggregate amount of $298.66, which consists of $226.80 expended by him for his meals while entertaining business guests and $71.86 for the meals he ate when dining alone. The evidence is clear, and the petitioner admits that these meals were consumed by him on trips he made when he did not spend the nights away from home. The cost of these meals were not expenses incurred while "away from home" within the meaning of the statute.[4] They were personal expenses, which are not deductible, and the deduction claimed is disallowed. See *Richard A. Sutter*, 21 T.C. 170; *Fred M. Osteen*, 14 T.C. 1261.

*Decision will be entered under Rule 50.*

---

[4] Sec. 23(a)(1)(A), I.R.C. 1939.