HAROLD BRANNON MAGNESS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55503. Filed August 31, 1956.

*James W. Arnold, Esq.,* for the petitioner.
*Herman Wolff, Jr., Esq.,* for the respondent.

**OPINION.**

Rice, *Judge:* This case narrows to a question of whether we shall adhere to two previous holdings of this Court, *Charles H. Hyslope*, 21 T. C. 131 (1953) ; and *Robert H. Saunders*, 21 T. C. 630 (1954), revd. 215 F. 2d 768 (C. A. 3, 1954)—holdings adverse to the position the petitioner takes here—or whether we shall adopt the views of the Court of Appeals in its reversal of *Robert H. Saunders, supra*. The petitioner contends that the facts here closely parallel those of the *Saunders* case, while the respondent contends that they are more akin to those of the *Hyslope* case. In view of those arguments, we say at the outset, with due deference to the Court of Appeals, that we fail to see any distinction in principle between those cases and the one here. If the subsistence allowance received by Patrolman Hyslope was taxable gross income to him under section 22 (a), so it was to Patrolman Saunders, and so it is to the petitioner.

In *Charles H. Hyslope, supra*, we held that the sum which the taxpayer received in addition to his regular salary, as reimbursement for the expense of uniforms, maintenance, telephone, lodging while away from home, and meals eaten during his daily tour of duty, constituted additional gross income. We also denied a deduction of the amount actually spent for the purchase of meals during his daily tours of duty on the ground that the taxpayer there was in no essentially different position from the average worker who was unable to have one of his meals at home. In *Robert H. Saunders, supra*, on similar facts, we reached a like conclusion. The Court of Appeals reversed our holding in *Robert H. Saunders, supra*, on the ground that the subsistence allowance which the taxpayer received was paid to him for the convenience of his employer, the State of New Jersey. That, it said, was so because by paying the taxpayer a subsistence allowance and permitting him to purchase his meals at a public restaurant, the quality of the State highway patrol system was improved. The court noted that when the State furnished meals to its patrolmen, a majority of them ate at the same time, and the highways were conse-

quently either not patrolled at all or were inadequately patrolled during that particular time of day.

In the course of its opinion, the Court of Appeals made a careful review of the so-called convenience of the employer doctrine. Clearly, that doctrine is an administrative ingrafting of an exclusion from gross income onto those exclusions specifically set forth in section 22 (b). While we have no quarrel with the doctrine, as such, we think by its very nature, being an exception to the broad coverage of section 22 (a), it must be sparingly applied. We did not think that the subsistence allowances received by Patrolmen Hyslope and Saunders were paid to them for the convenience of their employers, nor do we think that the subsistence allowance received by the petitioner here was paid by the State of Georgia for its convenience.

The Supreme Court has repeatedly held that section 22 (a) of the 1939 Code is broad enough to include in taxable income any economic or financial benefit conferred on an employee as compensation, whatever the form or mode by which it is effected. *Commissioner* v. *Smith*, 324 U. S. 177 (1945). The Commissioner's regulation setting forth the "convenience of the employer" doctrine clearly recognizes the all-encompassing nature of section 22 (a). Regulations 111, section 29.22 (a)–3 [1] provides that if a taxpayer receives living quarters or meals in addition to his cash salary. the value of the quarters and meals so furnished ordinarily constitute taxable income to him. Here it is to be remembered that no meals were actually furnished by the State to the petitioner; but, in lieu thereof, he received a per diem subsistence allowance out of which he might purchase his meals at a public restaurant of his choice. He also received the allowance whether he was on duty or off duty. With no more regulation by his employer as to the time, the manner, and the place at which he ate his meals, the subsistence allowance which the petitioner received was clearly additional compensation.

Simply because he was on call by his employer 24 hours a day, we fail to see why the Treasury should underwrite tax-exempt meals for this petitioner. If that were so, any employer could denominate a part of any employee's salary as subsistence for the latter's lunchtime meal on the theory that, even though the employee was allowed a period of time to eat his lunch, he was subject to call by his employer. Merely stating that proposition refutes it. Yet, we see no essential difference in that hypothetical situation and the one before us here.

[1] Regulations 111.

SEC. 29.22 (a)–3. COMPENSATION PAID OTHER THAN IN CASH.—* * * If a person receives as compensation for services rendered a salary and in addition thereto living quarters or meals, the value to such person of the quarters and meals so furnished constitutes income subject to tax. If, however, living quarters or meals are furnished to employees for the convenience of the employer, the value thereof need not be computed and added to the compensation otherwise received by the employees. * * *

The cost of a taxpayer's meals is a personal expense, whether eaten at home or in a public restaurant. We dare say that a majority of all taxpayers find it necessary to eat at least one meal away from home, some two, and this petitioner apparently all three. But we do not find that the petitioner's eating of meals in a restaurant of his choice, which he paid for from that part of his total compensation denominated as subsistence, should result in favored tax treatment denied to all other taxpayers who are employees and eat one or more meals away from home.

*Decision will be entered for the respondent.*