> *Decision will be entered dismissing the proceeding for lack of jurisdiction.*

WALTER I. GEER AND FLORA GRACE GEER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 57920.   Filed August 15, 1957.

*Walter I. Geer, pro se.*
*Roger L. Davis, Esq.*, for the respondent.

FORRESTER, *Judge:* Respondent has determined deficiencies in the 1951 and 1952 income tax of petitioners in the respective amounts of $531 and $624.03.   The issues are as follows:

1. Did respondent err in disallowing claimed depreciation deductions in respect of an automobile?

2. Did respondent err in determining that payments to Walter I. Geer by the State of Georgia as "contingent expense allowance" were includible in gross income?

### FINDINGS OF FACT.

All of the facts have been stipulated and are so found.   They may be summarized as follows.

Petitioners, husband and wife, have at all relevant times resided in Colquitt, Georgia.   Their joint individual income tax returns for the calendar years 1951 and 1952 were filed on the cash basis with

the director of internal revenue for the district of Georgia. Flora Grace Geer is a party to this proceeding solely because she filed a joint return with her husband. The income and deductions in question are those of Walter I. Geer, who will hereinafter be referred to as petitioner.

During 1951 and 1952, petitioner was a judge of the Superior Court of the State of Georgia. Under State law his annual salary was fixed at $6,000. He was also entitled to reimbursement for expenses of transportation, meals, and lodging incurred in the performance of his judicial duties in areas outside the county of his residence. Such reimbursement was on the basis of actual expenditures in the case of meals, lodging, and transportation by public conveyance, and, in the case of transportation by private vehicle, 5 cents per mile through February 1, 1951, and 6 cents per mile thereafter.

In accordance with the foregoing, petitioner received sums in 1951 and 1952 which included amounts representing mileage payments for the use of his automobile. On his 1951 and 1952 returns, he reported the respective amounts of $759.73 and $781.22 as allowance for travel, meals, and lodging while away from home. He then deducted on each return, as actual expenses of travel, meals, and lodging while away from home, an amount identical to that included in income. Respondent has not challenged these deductions.

In addition, however, petitioner deducted on each return the amount of $656 as "[d]epreciation on car used in employment." Respondent disallowed these latter items, and petitioner now concedes on brief that the disallowances were correct as to one-third of the amounts claimed.

In 1951 legislation was enacted by the State of Georgia providing thereafter for the payment to each judge of the Superior Court of $200 per month "as contingent expense allowance * * * in addition to the salaries of said Judges." Accordingly, petitioner received $2,135.72 in 1951 and $2,400 in 1952, no part of which was reported as gross income in his 1951 and 1952 returns. Such sums were received without regard to actual expenditures and without restriction upon their use and enjoyment. No accounting therefor was required.

OPINION.

■ We first treat the issue of depreciation deductions in respect of petitioner's automobile. Respondent contends that allowable depreciation was included in the mileage reimbursement received by petitioner, which was included in gross income and then deducted. Under this theory, petitioner has already been allowed a depreciation deduction, and any further allowance, in absence of proof of greater actual depreciation, would constitute a double deduction.

Petitioner, on the other hand, argues that the mileage allowance was not intended to and did not include any amount in respect of depreciation.

It is axiomatic that depreciation and certain other items of automobile expense accrue with the the passing of time as well as with the accumulation of mileage. Nevertheless, an automobile allowance, although expressed in terms of mileage, may be so fixed as to include an estimated share of depreciation. Petitioner has failed to show that this was not the case here and we cannot say that as a matter of law it was not.

A mileage allowance designed to cover depreciation is necessarily subject to a wide margin of error, but the burden of proof is upon the taxpayer who seeks a greater deduction to show that depreciation attributable to his employment exceeded the reimbursable amount. Cf. *Estate of Merlin H. Aylesworth*, 24 T. C. 134, 142; *Ollie V. Kessler*, 39 B. T. A. 646, 651. We have no such proof here.

Petitioner is entitled to the deduction claimed only if and to the extent his expenses of meals, lodging, and transportation, including that part of automobile depreciation properly allocable to official use of his car, exceeded the aforementioned reimbursement payments. The record is barren of evidence necessary to support any such deduction. It discloses neither any basis for apportioning total depreciation between personal and official use of the automobile nor that there was any excess of total expenses, including deductible depreciation, over total reimbursement received. Had petitioner demonstrated that such expenses did in fact exceed the amounts received as reimbursement, but not the precise amount of such excess, he might have been entitled to some relief under the so-called *Cohan* rule. *Cohan* v. *Commissioner*, (C. A. 2) 39 F. 2d 540. Here, however, petitioner has failed to prove not merely a specific amount of a given deduction to which he has shown himself to be entitled, but has failed to prove that he is entitled to any such deduction at all.

In view of the foregoing, the instant controversy is not within the rationale of *Horace E. Podems*, 24 T. C. 21, where the taxpayer was permitted to deduct automobile expenses incurred in excess of the amount reimbursed or reimbursable by the employer. The taxpayer in that case satisfied his burden of proof by offering evidence, consisting of his sworn testimony which was accepted as credible, to the effect that his expenses did exceed the maximum amount of reimbursement to which he was entitled. Applying the rule of *Cohan* v. *Commissioner*, *supra*, we then made findings as to the amounts of such additional expenses.

The present record does not establish any excess of expenditures, including depreciation, over reimbursement received, or even any basis for apportioning automobile depreciation between personal and of-

ficial use of the vehicle. Respondent's determination with respect to this issue must accordingly be sustained. Cf. *Coburn* v. *Commissioner*, (C. A. 2) 138 F. 2d 763, 765; *Charles H. Hyslope*, 21 T. C. 131; *Mark A. Wakefield*, 17 B. T. A. 1335, 1338.

■ We turn now to the second issue, whether the amounts received by petitioner as contingent expense allowance were includible in gross income.

Petitioner insists that such amounts are not includible as compensation for services rendered, since the constitution and laws of the State of Georgia fix petitioner's salary at $6,000 per annum, and the legislative provision creating the payments in question characterizes them as "contingent expense allowance," and states that they are "in addition" to petitioner's regular salary. Respondent relies upon the broad sweep of section 22 (a) of the Internal Revenue Code of 1939 [1] and argues that inasmuch as petitioner can point to no specific exempting provision, the amounts in question are includible in gross income.

We must hold that respondent's position is correct.

The sovereign State of Georgia is free to fix the salaries of its judicial officers at any amount it so desires. It may also pay them amounts in addition to what it terms a salary, and is free to designate such payments as it will, but it can neither change facts by legislative or constitutional provision nor limit or reduce the scope of Federal legislation. It clearly cannot, for Federal income tax purposes, turn "income" into something not "income." Cf. *United States* v. *Pelzer*, 312 U. S. 399; *Harold Brannon Magness*, 26 T. C. 981, on appeal (C. A. 5); *Robert H. Saunders*, 21 T. C. 630, revd. (C. A. 3) 215 F. 2d 768.

Section 22 (a) is based upon the economic nature of income, and a receipt is income if its inherent characteristics show it to be such, regardless of the name it bears. The contents of the package do not change because a different label has been affixed.

The payments in question were regularly made to all Superior Court judges. They were fixed in amount, had no relation to actual expenses, were unaffected by differences in facts and circumstances peculiar to one judge as against others, were payable solely because the recipient was a judge, were paid without restriction upon use and enjoyment, and required no accounting.

---

[1] SEC. 22. GROSS INCOME.

(a) GENERAL DEFINITION.—"Gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal service (including personal service as an officer or employee of a State, or any political subdivision thereof, or any agency or instrumentality of any one or more of the foregoing), of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *

Whatever they may be for purposes of the laws of the State of Georgia, they represented compensation for services rendered for purposes of the Federal revenue laws. In any event, even if not specifically compensation, they were concededly received by petitioner, and he has failed to point to any provision whereby they are specifically exempted. *Commissioner* v. *Glenshaw Glass Co.*, 348 U. S. 426, 430; *Gen. Investors Co.* v. *Commissioner*, 348 U. S. 434, 436. In enacting section 22 (a), Congress intended to tax all gains except those specifically exempted. *Commissioner* v. *LoBue*, 351 U. S. 243, 246.

On brief petitioner infers, and thinkably might have proved, some properly deductible expenses to offset against this so-designated contingent expense allowance, but there is utter failure of proof on his part.

Respondent's determination with respect to this issue must be sustained.

*Decision will be entered for the respondent.*