SAM J. HERRIN AND RUTH HERRIN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59225. Filed September 30, 1957.

*Frank C. Decker, Esq.*, for the petitioners.
*Robert O. Rogers, Esq.*, for the respondent.

#### OPINION.

FORRESTER, *Judge:* The respondent has determined a deficiency in income tax for the year 1953 in the amount of $324.36. In their petition to this Court petitioners allege that the Commissioner erred (1) in disallowing a deduction in the amount of $91, consisting of a portion of claimed charitable contributions, (2) in disallowing a deduction in the amount of $96 for the cost of uniforms, and (3) in disallowing a deduction in the amount of $1,250 for the cost of meals while away from home.

Respondent now concedes that the petitioners are entitled to a deduction of $101.40 for uniforms purchased during the taxable year, and petitioners concede that respondent properly disallowed $91 of the claimed charitable contributions. Petitioners also concede that if they are entitled to deduct the cost of meals eaten by petitioner Sam J. Herrin, that such deduction should be in the amount of $910 instead of $1,250; consequently, the sole remaining issue is whether petitioner's expense for certain meals in the total amount of $910 is deductible under section 23 (a) (1) (A) of the Internal Revenue Code of 1939.[1]

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
 In computing net income there shall be allowed as deductions :
 (a) EXPENSES.—
 (1) TRADE OR BUSINESS EXPENSES.—
 (A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for * * * traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business ; * * *

The facts are wholly stipulated and are found accordingly.

Petitioners, husband and wife, reside together in Ocala, Florida. They filed their joint Federal income tax return for the calendar year 1953 with the district director of internal revenue for the district of Florida. Ruth Herrin is a party to this proceeding solely because she filed a joint return with her husband. The deduction in question is that of Sam J. Herrin, who will hereinafter be referred to as petitioner.

During the year 1953, petitioner was employed by Central Truck Lines, Inc., as a truck driver. His home terminal was Ocala, Florida.

On an average working day, petitioner would depart from Ocala, Florida, at 11:30 p. m. and drive to Valdosta, Georgia, arriving there at 7 a. m. the following morning. Upon arrival petitioner would eat breakfast. At approximately 8 a. m. he would depart Valdosta for the return trip to Ocala, Florida, arriving there at about 1:30 p. m. the same day. The record is silent as to where petitioner ate his other two daily meals. The total elapsed time of the turnaround trip was approximately 14 hours and the distance traveled 346 miles.

During the calendar year 1953, petitioner made 280 round trips between Ocala, Florida, and Valdosta, Georgia. On each round trip petitioner would spend an average of $3.25 for meals.

In our opinion, the petitioner was not "away from home" within the intendment of section 23 (a) (1) (A). The facts found above are strikingly similar to those in *Fred Marion Osteen*, 14 T. C. 1261. In that case the taxpayer was a railway postal clerk. His route was from Greenville, South Carolina, his home, to Charlotte, North Carolina, and return. He regularly left Greenville at 8 p. m. and arrived in Charlotte at 10:40 p. m., at which time he ate his third meal of the day. At 11:48 p. m. he left Charlotte, arriving at Greenville at 2:15 a. m. of the same night. The round trip was about 200 miles in distance.

In that case we stated:

The petitioner was in no essentially different position from the worker who is unable to have one of his meals at home. His regular day's work, though it took him away from his home town, was less than seven hours, perhaps shorter than the work day for the ordinary worker. During that time he had a regular meal. Had he worked and had the meal at a restaurant in Greenville there could be no doubt that the expense would be personal. The fact that the meal was eaten at Charlotte offers no material difference. * * *

The only factual differences between the instant case and *Fred Marion Osteen*, *supra*, are (1) petitioner's regular working day encompasses 14 hours, (2) petitioner eats all three meals during working hours, (3) the round trip distance is 346 miles, and (4) petitioner here is a truck driver. No one of these differences is material.

Technically speaking, petitioner's regular working day includes a portion of 2 days. This factor by itself, however, has not been considered of great enough significance to require different tax treatment for nighttime as contrasted with daytime employees. Cf. *Fred Marion Osteen, supra.* Nor is the proximity in distance to one's home terminal important. Certainly, an employee who travels a 200-mile route will find himself equally as unable to return to his home for meals as an employee who travels a 346-mile route. The distinguishing factor instead has been whether or not the nature of the employment requires that the employee be released from work to obtain necessary sleep or rest prior to the completion of the journey. *David G. Anderson*, 18 T. C. 649.

In the instant case petitioner made 280 turnaround trips during the year 1953. Each trip included a 1-hour stopover at Valdosta, Georgia, at which time petitioner ate breakfast. After breakfast petitioner drove the remaining distance to his home, at which time, presumably, he obtained necessary sleep. Petitioner's employment is therefore no different from that of a night shift worker whose duties make it impossible for him to eat one or more meals at home.

Finally, the mere fact that petitioner, during an average working day, eats all three meals in restaurants is not considered sufficient justification for the asserted deduction. Cf. *Harold Brannon Magness*, 26 T. C. 981, affd. (C. A. 5) 247 F. 2d 740. It follows that respondent must prevail.

*Decision will be entered under Rule 50.*