Eugene J. Rogers and Olive Rogers v. Commissioner.
Rogers v. Commissioner
Docket No. 64776.
United States Tax Court
T.C. Memo 1959-192; 1959 Tax Ct. Memo LEXIS 52; 18 T.C.M. (CCH) 866; T.C.M. (RIA) 59192; October 20, 1959
*52 Petitioner-husband, an employee of the Internal Revenue Service, drove his own automobile in the performance of his duties. Agency regulations provided for reimbursement of expenses incurred therein, but petitioner did not, except on one occasion during the taxable years in controversy file a voucher seeking reimbursement. Held, the expenses, to the extent they could have been reimbursed, were not "necessary," and are not deductible. Horace E. Podems, 24 T.C. 21, followed. Alva C. Baird, Esq., for the petitioners. Richard W. Janes, Esq., and Cyrus A. Johnson, Esq., for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, J: Respondent has determined deficiencies in the income tax of petitioners as follows: Taxable Year
Deficiency
1952
$102.08
1953
81.28
1954
36.96
Total
$220.32
The principal issue is the deductibility of certain unreimbursed expenses incurred by petitioner Eugene J. Rogers in the execution of his duties as an employee of the Internal Revenue Service. A second issue arises from petitioners' claim of additional expenses not previously deducted in their returns for the years in *53 controversy. Findings of Fact Petitioners were husband and wife at all times pertinent, and resided in Huntington Park, California. They filed joint income tax returns on the cash basis for the calendar years 1952, 1953, and 1954 with the director of internal revenue at Los Angeles, California. Eugene J. Rogers will hereinafter be called the petitioner. Throughout the period in controversy petitioner was employed by the Internal Revenue Service. From January 1, 1952, until June 21, 1953, he performed the duties of a revenue agent in the field examination of income tax returns in the Los Angeles area. Thereafter he served as group supervisor over 15 to 20 agents. Petitioner's duties necessitated travel. During the years in controversy he drove his own automobile the following distances, and incurred the following expenses, for which he neither sought nor received reimbursement: Year
Mileage
Amount
1952
5,928
$414.96
1953
4,850
330.40
1954
2,400
168.00
Regulations in effect during the period in issue provided for reimbursement to employees of the Internal Revenue Service for official use of their automobiles at the rate of $0.07 per mile. During *54 the 3 years in question petitioner filed only one voucher, in 1953, in the amount of $9.10, which was paid. Petitioner has never filed a voucher which was not honored. Funds available for transportation expenses would occasionally become scarce for limited periods. At such times, agents and supervisors would be requested to curtail travel. Petitioner was always notified in advance of any such policy, and was at no time required to undertake travel in his official duties for which he could not have obtained reimbursement. There is no known instance of an expense voucher, otherwise proper, being rejected. On one occasion, an agent who had not been notified expended substantial funds during a period of curtailment and was reimbursed. Generally, some funds were available for transportation during such periods; the problem was to ration them and make them last. A procedure existed for obtaining additional transportation funds where essential. Opinion Petitioner's contention that he could not have obtained reimbursement for the expenditures in question is not established by the record. The evidence shows only that petitioner was entitled to reimbursement at the rate of $0.07 per *55 mile for the use of his own automobile, that on one occasion during the period before us he submitted a voucher and was paid, that he submitted no other vouchers, and that at times shortages of funds would create curtailments of travel to whatever extent feasible. During most periods of curtailment some transportation funds existed; the problem was to make them last. There is no evidence that a single request for reimbursement, otherwise proper, was ever denied, whether during a period of curtailment or otherwise. This case and Horace E. Podems, 24 T.C. 21, are indistinguishable on this issue. In Podems we held that reimbursable expenses of a revenue agent, which in fact were not reimbursed because the taxpayer failed to claim them, were not necessary expenses, and that this was so because taxpayer had it in his power to obtain reimbursement. That holding is determinative here. Respondent determined that petitioner's expenses of operating his automobile were $0.07 per mile in 1952 and $0.08 per mile in 1953 and 1954. Since the amount reimbursable was $0.07 per mile, he allowed petitioner deductions of the excess $0.01 per mile for 1953 and 1954, amounting to $48.50 *56 and $24, respectively. There is no evidence that the full cost of operating petitioner's automobile on official duty exceeded the amounts above determined, and petitioner is thus entitled to no further deduction on account of such operation. Cf. Walter I. Geer, 28 T.C. 994, 996. There were some indications in the testimony that petitioner may have incurred certain expenses in addition to those involved in the operation of his vehicle. The evidence on this point is so vague and unsatisfactory, however, even as to whether any such expenses would have been reimbursable, that we can find no basis therein for the allowance of any further deduction, even under the so-called Cohan rule. Decision will be entered for the respondent.