Melvin W. Fogle and Jimmie L. Fogle v. Commissioner.
Fogle v. Commissioner
Docket Nos. 68493, 68494.
United States Tax Court
T.C. Memo 1959-214; 1959 Tax Ct. Memo LEXIS 33; 18 T.C.M. (CCH) 1032; T.C.M. (RIA) 59214; November 10, 1959
*33 Melvin W. Fogle drove a truck on a turnaround route in each of the years 1954 and 1955, leaving the truck terminal each morning in Orangeville, South Carolina, for prescribed destinations and returning thereto each evening. His longest trips were not over 250 miles. In each of said years, he made 205 turnaround trips and paid $701.50 in each of the years for meals on said trips. He was not released from duty on the trips but took one hour each working day for lunch, for which time he did not receive his regular hourly pay. He was paid 75 cents a day as reimbursement for an evening meal when he was on duty over 13 hours. His total reimbursement for such evening meals was $153.75 in each of said years. Held, that petitioner's expenditures for such meals were personal and nondeductible. Held, further, that the amounts received by petitioner as reimbursement for meals are includible in petitioner's gross income for the respective years in which received. Andrew Berry, Esq., for the petitioners. Robert A. Watson, Esq., for the respondent. FISHER
Memorandum Opinion FISHER, Judge: Respondent determined deficiencies in income tax of petitioners in the amount of $140.30 for each of the years 1954 and 1955. The issues presented are (a) whether certain expenditures of Melvin W. Fogle (hereinafter referred to as petitioner) for meals while operating a truck on a turnaround truck route are deductible, and (b) whether *35 amount of reimbursement to petitioner by his employer for certain expenditures for evening meals is includible in petitioner's gross income. All of the facts are stipulated and are incorporated herein by reference. During the calendar years 1954 and 1955, Melvin W. Fogle and Jimmie L. Fogle were husband and wife, with their principal residence at Route 2, Cope, South Carolina. The petitioners filed their joint Federal income tax returns (Form 1040) for the calendar years 1954 and 1955 with the district director of internal revenue for the district of South Carolina. I. During the calendar years 1954 and 1955, Melvin W. Fogle was employed as a truck driver by Kingan, Inc., Orangeburg, South Carolina. His home terminal was Orangeburg. He drove a turnaround truck route and was not released from duty from the time he punched in on the time clock at the truck terminal each morning in Orangeburg until he punched out on the time clock each evening at the terminal in Orangeburg. He returned to Orangeburg every evening. His longest trips from Orangeburg to a prescribed destination and return were no more than 250 miles. He made 205 turnaround trips in each of the years in question. *36 He took one hour every working day for lunch for which he did not receive hourly pay. His total expenditures for meals in each of said years while operating on his route was $701.50. The actual deduction taken by petitioner for meals for each of said years was $547.75, representing expenditures of $701.50 less reimbursement of $153.75, which reimbursement was not included in his gross income. (See infra Parts II and III of this Opinion.) In sustaining respondent's disallowance of deductions for unreimbursed amounts paid by petitioner for meals on his turnaround trips, and deducted on his return, we need say little more than that the principles announced in Sam J. Herrin, 28 T.C. 1303 (1957) and Fred Marion Osteen, 14 T.C. 1261 (1950) are here controlling. It is true that these cases arose under the provisions of the Code of 1939, but there is no change in the Code of 1954 which supports any different treatment of the amounts here in issue. See sections 62(2)(A), 62(2)(B), 162, 212 and 262 of the Code of 1954. As demonstrated in Sam J. Herrin, supra, at pp. 1304-5, the expenditures here in issue were clearly personal, and were not expenses for *37 meals while away from home paid in connection with the performance of services within the meaning of section 62(2)(B). See also Rev. Rul. 54-497, 1954-2 C.B. 75, 78, and Rev. Rul. 55-236, 1955-1 C.B. 274. David G. Anderson, 18 T.C. 649 (1952), cited by petitioner is clearly distinguishable on its facts. There, the taxpayer's work schedule required him to be away from his home terminal overnight and he was released from duty for a substantial rest period during his trips, which were longer in duration than in the instant case. We add, for completeness, that petitioner's brief expressly states that the deductions involved were not taken under section 62, and are claimed under sections 162 and 212. In the light of the foregoing, we affirm respondent's determination on this issue in principle, but because of certain confusing statements in the statutory notice, we find it necessary to explain our position more fully as a basis for entry of decision. Our views in this connection are set forth infra in Part III of this Opinion. II. Petitioner was paid 75 cents for an evening meal each day that he was on duty more than 13 hours, amounting to *38 $153.75 in each of the years in question. Petitioner did not include such reimbursement in gross income on his respective returns, but offset the amount thereof against his expenditures for meals, reducing his claimed deduction in each year for meals from $701.50 to $547.75. A proper determination of petitioner's net income requires us to consider the issue, the significance of which is more fully explained in Part III, infra. We think it clear that the reimbursement for meals was compensatory and that the amounts of $153.75 received in each year are includible in gross income under the provisions of section 61(1) of the Code of 1954. Although arising under the Code of 1939, the principles announced in Walter I. Geer, 28 T.C. 994, 997 (1957) and Ollie V. Kessler, 39 B.T.A. 646, 651 (1939) are here controlling and require resolution of the issue in favor of respondent. III. Respondent's determination is confusing. Some of the language used might be construed to mean that respondent disallowed the entire amount of expenditures for meals in each year ($701.50), although only $547.75 was deducted in each year, and also included in gross income $153.75 in *39 each year for reimbursed expenses. Respondent's actual computation, however, shows that he increased income in each year in the actual amount of $701.50. Examining the statutory notice as a whole, we infer that what he intended to do (which is in accordance with the result which he actually reached) was to disallow the deduction actually taken on each return ($547.75 for unreimbursed expenses) and include in gross income the amount of $153.75, representing reimbursed expenses for each year (omitted from gross income on the returns) thus, in this manner, reaching the total of $701.50, which is what he actually added back in determining taxable income. In any event, on the basis of the record as presented to us, our decisions will reflect an understatement of income in each year of $701.50 on the items here in issue. Decisions will be entered under Rule 50.