Warren and Eleanor Cummings v. Commissioner.
Cummings v. Commissioner
Docket No. 84691.
United States Tax Court
T.C. Memo 1961-330; 1961 Tax Ct. Memo LEXIS 19; 20 T.C.M. (CCH) 1699; T.C.M. (RIA) 61330; December 7, 1961
*19 Petitioners, commission salesmen, held not entitled to deduct cost of meals on business trips which did not involve staying away from home overnight. Warren Cummings, pro se. Raoul E. Paradis, Esq., for the respondent. DRENNEN
Memorandum Findings of Fact and Opinion DRENNEN, Judge: Respondent determined a deficiency in income tax due from petitioners for the taxable year 1957 in the amount of $257. The only issue remaining for decision is whether petitioners are entitled to *20 deduct any amount in excess of $2,304.23 as business expense for the year 1957. Findings of Fact Petitioners are husband and wife, whose residence during the taxable year 1957 was Underhill, Vermont. Petitioners filed their joint income tax return for the year 1957 with the district director of internal revenue at Burlington, Vermont. From January 1 to July 29, 1957, petitioners were district registrars representing Central Technical Institute of Kansas City, Missouri (hereinafter called Central), in Vermont and New York. Petitioners contacted interested parties by telephone and by personal interviews. In connection with their employment with Central, it was necessary for petitioners to travel in their automobile to various places in Vermont and New York. They were not reimbursed by Central for this travel expense. Petitioners received no salaries from Central but worked entirely on a commission basis. From April 1 to July 29, 1957, Warren Cummings also sold advertising specialties for Brown and Bigelow in the State of Vermont. From July 29 to December 31, 1957, Warren was employed by the State of Vermont Highway Department, Right-of-Way Division, on a salary basis with reimbursement *21 for travel expenses. On their joint income tax return for 1957 petitioners reported gross income of $1,128.96 from Central, $618.37 from Brown and Bigelow, and $2,240.70 from the State of Vermont, totaling $3,988.03. They claimed as deductions $3,308.62 for travel and miscellaneous expenses, broken down as follows: Travel, January - July
$2,007.24
Car maintenance
433.28
Telephone
141.10
Stamps
27.00
Depreciation on car
700.00
Total
$3,308.62
In the notice of deficiency respondent allowed only $1,232.74 of the above expenses claimed, allowing $353.80 for meals and lodgings and $878.94 as automobile expense, the latter being computed on a mileage basis from speedometer readings recorded in petitioners' daily diary from February 20 to August 7, 1957. In 1957 petitioners kept a daily diary in which they recorded the names and locations of prospects contacted. Petitioners also recorded in the diary their expenditures for gasoline, telephone, lodgings, meals, tolls, automobile repairs, oil changes and lubrication, and other miscellaneous expenses. Petitioners also recorded occasional speedometer readings and gasoline consumption. Petitioners' total expenditures *22 recorded in the diary for the taxable year 1957 were in the amount of $2,027.88, consisting of the following: Gasoline
$ 798.23
Telephone
187.40
Lodging
192.00
Meals
642.15
Tolls
14.00
Automobile repairs
63.50
Oil changes and lubrication
77.85
Photostats
9.00
Miscellaneous
43.75
Total
$2,027.88
The entries recorded in petitioners' diary, for the period from January 1 to July 29, 1957, indicate they made 119 trips in connection with their employment with Central where no charge for lodgings was recorded. Petitioners expended $450.65 for meals on those trips. During that period the diary shows that petitioners made 20 trips when a charge for lodgings was recorded and expended $191.50 for meals on those trips. [1]
Of the amounts *23 recorded in petitioners' diary for meals, totaling $642.15, the amount of $450.65 was spent for meals on business trips which did not require absence from home overnight. Petitioners are not entitled to deduct any amount in excess of $2,304.23 as business expense for the year 1957. Opinion Petitioners claimed a deduction from gross income on their 1957 return representing their expenses as commission salesmen in the amount of $3,308.62. In the notice of deficiency respondent disallowed $2,075.88 of the claimed expenses, allowing a total of $1,232.74 as a deduction from gross income. On brief respondent concedes that petitioners are entitled to deduct the amount of $2,304.23 as business expense, representing the total of the expenses for meals, lodgings, gasoline and oil, telephone, tolls, automobile repairs, and miscellaneous expenses recorded in petitioners' daily diary for the period January 1 to July 29, 1957 ($2,027.88), less the amount of $450.65, representing the cost of meals recorded in the diary at times when the diary did not indicate petitioners were out of town overnight, and plus automobile depreciation in the amount of $700 and postage in the amount of $27 as claimed *24 on petitioners' return but not recorded in the diary. The amount in dispute is therefore $1,004.39, composed of the $450.65 recorded expenditures for meals while not out of town overnight and $553.74 which respondent claims is not supported by any evidence. The evidence consisted of Warren's oral testimony and several exhibits, the principal exhibits being petitioners' return for the year 1957, attached to which was a schedule showing the items included in the $3,308.62 claimed as a deduction by petitioners, and petitioners' daily diary in which were recorded their daily expenditures. The items making up the claimed deduction consisted of travel, itemized by month, totaling $2,007.24; car maintenance, $433.28; "Tel.", $141.10; stamps, $27; and automobile depreciation, $700. The expenses recorded in petitioners' diary totaled $2,027.88, or slightly more than the travel expense claimed. Respondent has allowed the depreciation and postage as claimed. Petitioners offered no proof of the remainder of the claimed expenses, totaling $553.74. In fact, Warren testified on cross-examination that the return was based entirely on the entries made in the daily diary. Perhaps the unexplained amount *25 consists of the items "car maintenance" and "Tel." claimed on the return and which may not have been recorded in the diary, but there is nothing in the record to prove what these items consisted of or that they were deductible business expenses. The diary itself contains numerous expenditures for telephone and some expenditures in the nature of automobile maintenance, and respondent concedes these expenditures. The burden of proving that the claimed expenditures were actually made and were business expenses is on petitioners. Estate of Merlin H. Aylesworth, 24 T.C. 134 (1955); Walter I. Geer, 28 T.C. 994 (1957). Upon consideration of what evidence there is, we conclude that petitioners have not carried their burden of proof with respect to this $553.74 of the business expense claimed and no deduction can be allowed therefor. [2]
The remaining issue is whether the unreimbursed expenditures *26 for meals while on business trips where the petitioners were not away from home overnight are deductible as ordinary and necessary business expenses under section 162(a), I.R.C. 1954, or are nondeductible personal expenditures under section 262 of the Code. While petitioners claim that some of the amount involved represents expenditures for meals when they stayed out of town overnight with friends, and consequently did not record an expenditure for lodgings, petitioners simply offered the diary in evidence with no summary thereof or testimony with respect to specific trips, and we have no way of telling from the record which expenditures these might be. Consequently, we have found as a fact that $450.65 of petitioners' recorded expenditures for meals were for meals on trips which did not require petitioners' absence from home overnight. Section 162(a)(2), I.R.C. 1954, allows a deduction for all the ordinary and necessary expenses paid or incurred in carrying on a trade or business, including "traveling expenses (including the entire amount expended for meals and lodgin) while away from home in the pursuit of a trade or business." Section *27 262 of the Code disallows all personal, living and family expenses, except as otherwise expressly provided. Respondent has long applied the "overnight-rule" test for the deductibility of a taxpayer's meal expenses on a business trip. "This means generally he allows the meal expense for the entire trip as travel expenses if the trip involved the taxpayer staying away from home overnight and disallows meal expenses if the taxpayer left his home and returned the same day." Allan L. Hanson, 35 T.C. 413 (1960), on appeal (C.A. 8, Feb. 23, 1961). This Court has long upheld this rule, Fred Marion Osteen, 14 T.C. 1261 (1950); Richard A. Sutter, 21 T.C. 170 (1953); Sam J. Herrin, 28 T.C. 1303 (1957); Joseph M. Winn, 32 T.C. 220 (1959); Al J. Smith, 33 T.C. 861 (1960); Allan L. Hanson, supra, except where "the nature of the employment requires that the employee be released from work to obtain necessary sleep or rest prior to completion of the journey. David G. Anderson, 18 T.C. 649." Sam J. Herrin, supra.We have been cited no cases holding to the contrary, and have no evidence *28 that on the days when petitioners returned home at night, even though the day's work may have been long, the nature of their day's work required them to take time off for rest and sleep. On the authority of the cases cited above, we conclude that petitioners are not entitled to deduct the $450.65 expended for meals on trips which did not require their absence from home overnight. Cf. Williams v. Patterson, 286 F. 2d 333 (C.A. 5, 1961). Decision will be entered under Rule 50. Footnotes
1. These are as computed by respondent on brief, which petitioners do not dispute on reply brief. The amount may vary depending on whether there is included in meals consumed while away from home overnight the cost of meals recorded for the day preceding or following the day on which an expenditure for lodgings is recorded. Petitioners offered no analysis of the entries in the diary, so we accept respondent's computation.↩
2. This would be true even if respondent's concessions on brief nullified the presumption of correctness of his findings in the notice of deficiency. Lightsey v. Commissioner, 63 F. 2d 254↩ (C.A. 4, 1933), affirming per curiam a Memorandum Opinion of this Court.