WAYNE D. PRICE AND CARLA M. PRICE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Price v. Commissioner
Docket No. 6841-77.
United States Tax Court
T.C. Memo 1979-421; 1979 Tax Ct. Memo LEXIS 106; 39 T.C.M. (CCH) 348; T.C.M. (RIA) 79421; October 4, 1979, Filed *106 Held, petitioner, a truck driver, may not deduct the cost of meals consumed on turnaround trips on which he did not sleep or rest. United States v. Correll,389 U.S. 299 (1967). Wayne D. Price, pro se. Deborah A. Butler, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined the following deficiencies in petitioners' income tax: Taxable
year [1]
Deficiency
1974
$367.86
1975
366.63
*107 Following concessions by petitioners, the only issue to be decided is whether petitioners are entitled to deduct the cost of meals consumed on "turnaround" business trips as employee business expenses under section 162, I.R.C. 1954. [2]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Wayne D. Price and Carla M. Price, husband and wife, resided in Lone Oak, Tex., at the time their petition herein was filed. For the taxable years 1974 and 1975, they filed a joint Federal income tax return with the Southwest Service Center, Austin, Tex. Carla M. Price is a party hereto solely by reason of filing a joint income tax return with her husband. Accordinging, only Wayne D. Price will be referred to as petitioner. During the taxable years in issue, petitioner was employed as a truck driver by Brown Express, Inc., of San Antonio, Tex. Petitioner's duties *108 as a driver can be divided into two categories, turnaround driving runs and layover driving runs. Petitioner's driving runs began in Dallas, Tex. Each turnaround driving run consisted of a round trip between Dallas, Tex., and another city, which run did not include a period of sleep or rest. Generally, petitioner's turnaround runs involved driving round trips between Dallas and Austin, Tex., a round-trip distance of approximately 400 miles, and between Dallas and Houston, Tex., a round-trip distance of approximately 500 miles. When petitioner arrived, for example, at either Austin or Houston, a short period of time would elapse before petitioner started the return trip to Dallas. This time, which could be from 15 minutes to 2-1/2 hours, was spent in servicing the truck or waiting while the loading of the truck was completed. During this period petitioner spent the time waiting at the truck terminal. These turnaround trips took approximately 10-14 hours to complete. Petitioner incurred meal expenses on these trips for which he was not reimbursed. Each layover driving run consisted of round trips between Dallas and another city during which petitioner rested at least 8 hours *109 in the other city before commencing the return trip to Dallas. The minimum 8-hour rest was required by Department of Transportation regulations. Petitioner usually spent more than 8 hours in the other city because his truck was not ready for the return trip at the end of the 8 hours. Petitioner's layover runs generally involved traveling between Dallas and another city which was approximately 400-500 miles from Dallas. Depending on the length of the time spent in the other city, it took petitioner approximately 30-40 hours to complete a layover driving run. On the layover runs petitioner was provided lodging by his employer. Petitioner did incur meal expenses for which he was not reimbursed. Petitioner did not keep records of his meal expenses, although he did keep a log book of his driving. He estimated that he spent $90- $100 per week for food on his trips. This estimate was broken down into an estimated $15 in expenses for each day "on the road." A turnaround driving run was considered to be 1 day and a layover driving run was considered to be 2 days "on the road." For 1974 petitioner calculated that he was "on the road" for 215 days and he deducted $3,225 as an employee *110 business expense for his meals. For 1975 he deducted $3,135 for 209 days "on the road." Respondent allowed petitioner employee business expense deductions of $1,620 for 1974 and $1,530 for 1975. Although respondent did not distinguish between turnaround runs and layover runs driven by petitioner in disallowing a portion of petitioner's claimed deductions in the notice of deficiency, respondent in effect allowed petitioner a deduction of $15 per day for each layover run, such run consisting of 2 days, and disallowed the amounts claimed for expenses on the turnaround runs. Thus, the only questions are whether petitioner is entitled to any deduction for meal expenses incurred during his turnaround runs, and, if so, in what amount. OPINION Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business, including "traveling expenses (including amounts expended for meals and lodgings * * *) while away from home in the pursuit of a trade or business * * *." Section 274(d) provides, in pertinent part, that a section 162 deduction for meal expenses incurred while traveling away from home must be *111 substantiated by adequate records or by sufficient evidence corroborating the taxpayer's own statements which establish (A) the amount of the expense, (B) the time and place of the travel, and (C) the business purpose of the expense. Respondent contends that the meal expenses incurred by petitioner in excess of the amounts allowed by respondent are not deductible under section 162(a) since they were not incurred by petitioner while traveling away from home. Alternatively, respondent contends that the deductions in excess of the amounts allowed by respondent were properly disallowed because petitioner has failed to satisfy the section 274 substantiation requirements. Petitioner's argument is an equitable one. He claims that he worked just as hard on the turnaround driving runs as he did on the layover runs and that he just as surely incurred meal expenses on those turnaround runs. We do not doubt that petitioner worked equally hard on both types of driving runs and that he incurred meal expenses on both. Nonetheless, we must hold for respondent. Respondent has long construed section 162(a) and its predecessors to require a taxpayer to be away from home overnight to *112 be entitled to meal expenses. Ruv. Rul. 54-497, 1954-2 C.B. 75. This Court, in Herrin v. Commissioner,28 T.C. 1303 (1957), in effect approved respondent's position pointing out that the distinguishing factor was whether the employment requires that the employee be released from work to obtain necessary sleep or rest prior to completion of the journey. Several appellate courts disagreed. See Hanson v. Commissioner,298 F. 2d 391 (8th Cir. 1962), revg. 35 T.C. 413 (1960). But in United States v. Correll, 389 U.S. 299 (1967), the Supreme Court approved respondent's application of the law that travel "away from home" excludes all trips requiring neither sleep nor rest. Since the Correll case was decided, the "sleep or rest rule" has consistently been used by the courts in determining whether the cost of meals incurred while traveling on business are deductible. See, e.g., Boyer v. Commissioner,69 T.C. 521, 543 (1977). Respondent has recently applied the rule to disallow a deduction under circumstances quite similar to those in this case. Rev. Rul. 75-168, 1975-1 C.B. 58. *113 Petitioner's layover driving runs included a required 8-hour rest period and the meal expenses incurred during those runs were properly deductible. Petitioner's turnaround runs did not include a period for sleep or rest. The period between the time petitioner arrived at his destination on his turnaround run and the time at which he began the return trip to Dallas was spent by petitioner at the truck terminal. Petitioner was not required to sleep or rest, nor did he. The facts relating to petitioner's turnaround runs are indistinguishable from the facts in Herrin v. Commissioner,supra. In Herrin the Tax Court disallowed a deduction for meals eaten by the taxpayer-truck driver at the turnaround point of his driving run because the driving run did not require that the taxpayer obtain sleep or rest. The total driving run in that case was a distance of 346 miles and the taxpayer took approximately 14 hours to complete it. Accordingly, we conclude that petitioner is not entitled to deduct his meal expenses incurred on his turnaround driving runs. Additionally, even if petitioner could deduct these expenses, he did not provide the necessary substantiation *114 under section 274(d). Petitioner's only evidence to support the claimed deduction was his testimony, which, he admitted, was an estimate of his actual expenses. From the record it appears that respondent allowed petitioner's estimated meal expenses for the layover runs without the substantiation required under section 274(d). However, petitioner would be well advised to keep accurate and detailed records of his meal expenses in the future. [3]
Decision will be entered for the respondent. Footnotes
1. Petitioners filed income tax returns on the calendar year basis.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years in issue.↩
3. See Byars v. Commissioner,T.C. Memo. 1978-467↩.