ARTHUR M. AND BRENDA L. PRIMAS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Primas v. Commissioner
Docket No. 35185-85.
United States Tax Court
T.C. Memo 1988-352; 1988 Tax Ct. Memo LEXIS 380; 55 T.C.M. (CCH) 1479; T.C.M. (RIA) 88352; August 8, 1988. Marjorie Patmon, for the petitioners. Thomas J. Miller, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF *382 FACT AND OPINION HAMBLEN, Judge: For petitioners' taxable year ending December 31, 1981, respondent determined a deficiency in petitioners' Federal income taxes of $ 2,234 and an additional to tax under section 6651(a)(1)[1] of $ 60.29. The issues for decision are: (1) whether petitioners are entitled to a theft loss deduction in 1981, and, if so, the amount of this deduction; (2) whether petitioners are entitled to business expense and depreciation deductions in 1981 with respect to an automobile; (3) whether petitioners are entitled to a deduction of $ 1,534.50 in 1981 for intangible drilling and development costs; and (4) whether petitioners are liable for an addition to tax under section 6651(a)(1). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Oklahoma City, Oklahoma, when they filed their *383 petition in this case. Petitioners' home was burglarized on February 7, 1981, and on March 31, 1981. The contents of petitioners' home were insured against theft loss. The insurance policy provided for reimbursement measured by replacement cost, with special limits for jewelry and cash. Petitioners received insurance reimbursement of $ 6,546.23 for the February 7, 1981, theft. Petitioners received insurance reimbursement of $ 4,936.22 for the March 31, 1981, theft. The value of the property stolen during the 1981 burglaries totaled $ 8,904.59. [2] On their 1981 income tax return, petitioners claimed a deduction for theft losses in the amount of $ 3,177.61. During taxable year 1981, petitioner Arthur Primas was events coordinator at the Myriad Convention Center of Oklahoma City. [3] During 1981, petitioner drove a 1980 Volvo that he purchased for $ 9,320. The Volvo was driven 27,000 miles *384 during 1981. During 1981, petitioner maintained scheduled books of his business appointments. Those books indicate that 7,920 miles of the total business miles are for seventy-two trips of 70 miles or more. During 1981, petitioner was entitled to reimbursement from his employer for the business use of his privately owned automobile outside of Oklahoma City. On their 1981 income tax return, petitioners claimed that their 1980 Volvo had been driven 8,500 miles for business purposes during 1981. On their income tax return for 1981, petitioners claimed an automobile depreciation deduction of $ 2,330, which represents 25 percent of the cost of the 1980 Volvo. Petitioners also claimed a deduction of $ 783.06 for business expenses related to their automobile. On their income tax return for 1981, petitioners claimed an automobile depreciation deduction of $ 2,330, which represents 25 percent of the cost of the 1980 Volvo. Petitioners also claimed a deduction of $ 783.06 for business expenses related to their automobile. On December 18, 1981, a letter signed by Larry Buller, president *385 of Magna Oil & Gas, Inc. was mailed to Lynn Ware. The letter provided 1981 tax information for holders of working interests in the oil and gas well, Curl #3. On their 1981 income tax return, petitioners claimed a deduction for business losses of $ 1,169.50, including $ 1,534.50 for expenses for a "dry hole." Petitioners filed a joint 1981 U.S. Individual Income Tax Return (Form 1040) with the Internal Revenue Service on April 15, 1984. Petitioners furnished to their preparer the information from which their 1981 return was prepared over a period of time. However, petitioners did not finish providing information to their preparer until approximately April of 1984. OPINION The first issue for consideration is whether petitioners are entitled to a theft loss deduction under section 165 in 1981 and, if so, the amount of the deduction. Petitioners contend that their theft losses for 1981 exceed the insurance recovery for the items stolen and that petitioners are therefore entitled to a theft loss deduction. Respondent contends that petitioners did not sustain a deductible theft loss in 1981. *386 Section 165(a) sets forth the general rule that any uncompensated loss shall be allowed as a deduction. Section 165(c) provides limitations on the deductibility of losses of individuals. The relevant portion of section 165(c)(3) permits a deduction for a personal casualty or theft loss only to the extent each casualty or each theft exceeds $ 100. [4]Section 165(b) further limits deductibility by restricting the amount of any loss. Section 165(b) provides that "the basis for determining the amount of the deduction for any loss shall be the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition of property." The statutory standard of section 165(b) has been amplified by applicable regulations and case law. See secs. 1.165-7(b)(1) and 1.165-8(c), Income Tax Regs.; Helvering v. Owens,305 U.S. 468 (1939). Under this amplification, the measurement of theft loss of personal-use property is the lesser of the property's adjusted basis or its fair market value immediately prior to the loss. *387 Respondent's determination of the deficiency is presumptively correct. Welch v. Helvering,290 U.S. 111, 115 (1933). In order to overcome this presumption, petitioners must offer evidence that shows the determination to be erroneous. Gersten v. Commissioner,267 F.2d 195, 199 (9th Cir. 1959), affg. in part 28 T.C. 756 (1957). Petitioners bear the burden of proof. Rule 142(a). We find that petitioners have failed to introduce any credible evidence to meet their burden of proof regarding the theft loss. Respondent calculated the amount of petitioners' theft loss from the information provided by petitioners regarding cost and fair market value of the stolen items. Using the lower of adjusted basis or fair market value for each item stolen, respondent calculated a theft loss of $ 8,904.59. To determine the value for purposes of section 165 of property acquired by gift, it is necessary to know both the donor's basis of the property and its fair *388 market value at the date of the gift. Elliott v. Commissioner,40 T.C. 304, 312 (1963). The $ 8,904.59 figure calculated by respondent does not include any amount for the antique silver place settings and the silver serving tray since petitioners were unable to offer any evidence with respect to their basis in those properties, which were acquired by gift, or the fair market value of the properties at the dates of the gifts. Respondent determined that petitioners were not entitled to a theft loss deduction because petitioners' insurance compensation of $ 11,482.45 exceeded petitioners' theft loss of $ 8,904.59. Petitioners produced no credible evidence to contradict any of the figures used by respondent in making his determination. We hold the petitioners failed to carry their burden of proof on the issue of the theft loss deduction. Accordingly, we sustain respondent's denial of petitioners' claimed theft loss deduction. The second issue for consideration is whether petitioners are entitled to business expense and depreciation deductions in 1981 with respect to an automobile. On their income tax return for tax year 1981, petitioners claimed business mileage *389 of 8,500 out of the 27,000 miles driven in their automobile in 1981. Petitioners claimed that they incurred gasoline, oil, and lubrication expenses of $ 1,926 and insurance expense of $ 600. Petitioners claimed a deduction for 31 percent of these amounts, or $ 783.06. Respondent asserts that petitioners are not entitled to deductions for any part of these sums. Section 162 authorizes a deduction from gross income for ordinary and necessary expenses incurred in carrying on a trade or business. Personal expenses, however, are nondeductible pursuant to section 262. Automobile expenses for which a taxpayer could have been reimbursed by his employer are not deductible. Podems v. Commissioner,24 T.C. 21 (1955). Petitioners bear the burden of proving entitlement to the claimed deductions. Welch v. Helvering, supra;Rule 142(a). We hold that petitioners have not carried their burden of proof, and we, consequently, deny their claim for a deduction. Petitioners' claimed deductions for expenses with respect to their automobile do not take into account *390 their right to reimbursement for these expenses. The evidence in this case establishes that petitioner's out-of-town travel expenses could have been reimbursed by petitioner's employer. Petitioners' only evidence regarding business use of their automobile other than petitioner's own testimony was a schedule book maintained by petitioner. The schedule book does not differentiate between in-town and out-of-town mileage. However, the schedule book for 1981 indicates that 7,920 miles recorded represent trips of 70 miles or more each. Petitioners have introduced no credible evidence to refute respondent's determination that most of the mileage claimed as business mileage was actually for out-of-town trips for which expenses were reimbursable. In fact, petitioners have not introduced evidence sufficient to prove that any of the business mileage was in-town travel that could not have been reimbursed by petitioner's employer. The schedule book indicates petitioner's destinations for each trip for which he claimed deductible expenses, but there is not sufficient evidence on the record to show that any of these destinations were in-town for purposes of the reimbursement policy. Petitioners *391 have not introduced sufficient evidence to prove any mileage was business mileage for which expenses could not have been reimbursed. On the basis of the record before us, we hold that petitioners have failed to carry their burden of proof on the issue of the deduction for oil, gas, lubrication, and insurance for their automobile. Accordingly, we sustain respondent's denial of petitioners' claimed deduction for these expenses. On their income tax return for tax year 1981, petitioners also claimed a deduction in the amount of $ 2,330 for depreciation of their automobile. Respondent asserts that petitioners are not entitled to any deduction for depreciation of their automobile. Depreciation for which a taxpayer could have been reimbursed by his employer is not deductible. Geer v. Commissioner,28 T.C. 994, 996 (1957). The burden of proof is on the petitioner to show that depreciation exceeds the reimbursement amount. Geer v. Commissioner, supra at 996. We hold that petitioners have not carried their burden of proof and we deny their claim for a depreciation *392 deduction. The evidence in this case establishes that petitioner's out-of-town travel expenses could have been reimbursed by petitioner's employer. Petitioners introduced no credible evidence to show that depreciation was not covered by the reimbursement policy. As we discussed above, petitioners have not introduced sufficient evidence to prove that they had any business mileage in tax year 1981 for which their expenses could not have been reimbursed. On the basis of the record before us, we hold that petitioners have failed to prove that the depreciation on their automobile exceeded the amount that petitioner could have been reimbursed. Accordingly, we sustain respondent's denial of petitioners' claimed depreciation deduction. The third issue for our consideration is whether petitioners are entitled to a deduction of $ 1,534.50 in 1981 for intangible drilling and development costs. Petitioners contend that Arthur Primas purchased a working interest in an oil and gas venture and that petitioners are entitled to a deduction for intangible drilling and development expenses. Respondent asserts that petitioners have not substantiated either the purchase of the interest or their *393 entitlement to an intangible drilling and development cost deduction. Section 263(c) authorizes a taxpayer to elect to deduct intangible drilling and development costs as expenses in accordance with regulations prescribed by respondent. Section 1.612-4, Income Tax Regs., which implements section 263(c), provides an option to capitalize or to deduct currently intangible drilling expenses incurred in the development of gas or oil properties. The election is available only to an "operator," who is defined as one who holds a working or operating interest in any tract or parcel of land either as a fee owner or under a lease or any other form of contract granting working or operating interests. This Court has set forth four criteria which taxpayer must satisfy in order to qualify for the option under section 1.612-4(a), Income Tax Regs.Stradlings Building Materials, Inc. v. Commissioner,76 T.C. 84, 89 (1981). First, the taxpayer must hold an operating or working interest in the property under development. Second, *394 the costs in question must relate to the development of the property in which the taxpayer has a working or operating interest. Third, the nature of the expenditure must fall within the definitional guidelines provided by section 1.612-4(a), Income Tax Regs. Finally, the payment or incurrence of the costs must occur sufficiently early in the development stages so that the taxpayer is exposed to the unknown risks of development. Again, respondent's determination of the deficiency is presumptively correct and petitioners bear the burden of proving entitlement to the claimed deduction. Welch v. Helvering, supra;Rule 142(a). We find that petitioners have no met their burden of proof. We hold that petitioners have not established that they meet the criteria necessary to qualify for the option to expense intangible drilling and development costs under section 1.612-4(a), Income Tax Regs.
On the facts before us, it is not clear if petitioners own an operating or working interest in the property. Arthur Primas's testimony on this matter is confused and self-serving. Arthur Primas claims to have invested $ 1,650 *395 in the oil and gas well Curl #3 on December 30, 1981. However, in support of Arthur Primas's self-serving testimony on the issue of ownership petitioners only introduced into evidence a single cashier's check to Magna Oil in the amount of $ 1,650 signed by Lynn Ware which petitioners claim was payment for Arthur Primas's interest in the oil and gas property. Arthur Primas claims to have borrowed money from Continental Federal and to have given Lynn Ware $ 1,650 to purchase Arthur Primas's interest in the property. However, petitioners did not introduce into evidence any documentation regarding the loan, any receipt for the payment to Lynn Ware or any other evidence of Arthur Primas's ownership of the interest in the property. As a result, we cannot determine if Arthur Primas acquired an interest or what kind of interest he acquired. We have considered the remaining three criteria set forth in Stradlings, and we find that petitioners fail to satisfy any of the criteria. On the basis of the record, we hold that petitioners have failed to carry their burden of proving that respondent's denial of the deductions for intangible drilling deductions is erroneous. Accordingly, *396 we sustain respondent's denial of petitioners' deduction for intangible drilling costs in 1981. The final issue for our consideration is whether petitioners are liable for an addition to tax under section 6651(a)(1). Section 6651(a)(1) provides for an addition to tax when a return is not timely filed, unless the failure to do so is shown to be due to reasonable cause and not willful neglect. Additions to tax determined by respondent pursuant to section 6651(a)(1) are presumptively correct and petitioner bears the burden of proving any error. Welch v. Helvering, supra;Rule 142(a). Petitioners' income tax return for 1981 was filed two years late. Petitioners did not finish providing information to their return preparer until shortly before the return was filed. Petitioners claim that the delay was due to reasonable cause. Petitioners claim that the return was filed two years late because three items of expenses needed to be substantiated before the return could be prepared. However, petitioners offered no evidence to explain why the process of substantiation would *397 cause a two-year delay. We find that petitioners have not carried their burden of proof on the issue of reasonable cause. Accordingly, we sustain respondent's determination as to the addition to tax under section 6651(a)(1). To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year at issue. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. The property consisted of personal items such as camera equipment, antique silver place settings, a silver serving tray, clothing, televisions, and jewelry. The value of each item stolen was determined by using the lower of the adjusted basis or the fair market value for each item. ↩
3. The term "petitioner" in the singular form hereinafter refers to petitioner Arthur Primas. ↩
4. Sec. 165(c)(3)↩ limits the deduction for personal losses of an individual to "losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. A loss described in this paragraph shall be allowed only to the extent that the amount of loss to such individual arising from each casualty, or from each theft, exceeds $ 100."